### The GRAND UNION COMPANY, Plaintiff,

v.

### FOOD EMPLOYERS LABOR RELATIONS ASSOCIATION and United Food and Commercial Workers Pension Fund, et al., Defendants.

#### Civ. A. No. 85–1551.

United States District Court, District of Columbia.

March 10, 1986.

Frank C. Razzano of Shea & Gould, Washington, D.C., for plaintiff Grand Union.

Barry S. Slevin and Jeffrey B. Cohen of Seifman, Semo & Slevin, P.C., and Harry W. Burton of Morgan, Lewis & Bockius, Washington, D.C., for defendant Fund.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

Plaintiff, the Grand Union Company, brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1381, *as amended by,* the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381–1461 (1982), against a multiemployer pension plan and a number of current members of the Board of Trustees of the plan as well as one former member. By Memorandum and Order of October 25, 1985, this Court granted defendants' motion to dismiss plaintiff's complaint. By Order of December 11, 1985, this Court granted defendants' motion for attorney's fees and costs, and directed the parties to reach agreement as to the appropriate amount. On January 31, 1986, this Court, pursuant to a Stipulation filed by the parties, entered an Order granting to defendants attorney's fees and costs in the amount of $28,000. Plaintiff has appealed from all of the Court's orders. This action is now before the Court on Plaintiff's Motion For A Stay Of Execution Without Bond Pending Appeal (Plaintiff's Motion) (filed Feb. 10, 1986).

Rule 62(d) of the Federal Rules of Civil Procedure provides:

> When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed.R.Civ.P. 62(d). A district court, however, has the discretion "to authorize unsecured stays in cases it considers appropriate." *Federal Prescription Services v. American Pharmaceutical Association,* 636 F.2d 755, 758 (D.C.Cir.1980). According to our Court of Appeals:

> Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefit of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

636 F.2d at 760–61 (footnotes omitted). If a court "chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979).

The Court in *Federal Prescription, supra,* focused on three elements in review-

ing a district court's exercise of discretion in granting a stay: the amount of the money award; the documented net worth of the judgment debtor; and the judgment debtor's residency status. 636 F.2d at 761. Here, plaintiff argues that its net worth is thousands of times greater than the amount of the award, thus "there is no real danger that Grand Union will not be in a position to satisfy the award ..." Plaintiff's Motion at 6. Plaintiff states nothing, however, about its residency status; and defendants assert that the company has left this jurisdiction. Moreover, plaintiff offers no reasons other than the proportion of its net worth to the award to justify a departure from the normal practice of the posting of a full supersedeas bond. In fact, the evidence offered by plaintiff indicates that the requirement of posting a bond will cause it little hardship.

Plaintiff has failed to carry its burden of proving that the Court should depart from the presumptive procedure articulated in Rule 62(d). Accordingly, it is this 7th day of March, 1986, hereby

ORDERED: that Plaintiff's Motion For A Stay Of Execution Without Bond Pending Appeal should be, and hereby is, DENIED.