Robert L. MARANDINO

v.

John D'ELIA and JOFR Associates, Inc.

Civ. No. 5:92–177 (WWE).

United States District Court,
D. Connecticut.

June 29, 1993.

---

Lucia B. Brooks, Robinson & Cole, Stamford, CT.

Joseph L. Clasen, Robinson & Cole, Stamford, CT.

David M. Cohen, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT.

James R. Hawkins, II, Robinson & Cole, Stamford, CT.

James A. Lenes, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT.

Joseph F. McKeon, Jr., Joseph F. McKeon, Jr., P.C., Westport, CT.

## RULING ON PENDING MOTIONS

EGINTON, Senior District Judge.

Plaintiff brought this action seeking to recover on two purchase money notes executed by defendant John D'Elia. On May 15, 1993, this court affirmed a ruling of Magistrate Judge Thomas P. Smith recommending summary judgment in favor of the plaintiff. On May 27, 1993, judgment was entered in favor of plaintiff. Defendant filed a notice of appeal on June 7, 1993. On June 16, 1993, this court modified the judgment to reflect its amount, $5,222,323.88.[1] Two days later, defendant filed motions for a stay of execution, a protective order, and to quash subpoenas. For the reasons set forth below, each motion will be denied.

### FACTS

D'Elia executed two notes in December, 1988, as a means of purchasing a car dealership. The first note obligated D'Elia to repay $3,300,000.00; the second note, $400,000.00. Defendant JOFR Associates guaranteed payment of both notes. Plaintiff was later assigned both instruments by the original payee. D'Elia concedes that he did not make repayment in accordance with the terms of the first note. This entitled plaintiff to demand repayment of both notes. Defendant now owes plaintiff $5,222,313.88 in principal, interest and late charges. Defendant seeks a stay of execution of this judgment and to prevent discovery until resolution of his appeal.

### DISCUSSION

■ Defendant carries the burden of objectively demonstrating reasons for a departure from the requirement that a party post a supersedeas bond when seeking a stay pending appeal. *Grand Union Co. v. Food Employers Labor Relations Ass'n,* 637 F.Supp. 356 (D.D.C.1986). Defendant claims that he is entitled to an automatic stay under Fed.R.Civ.P. 62(f), which provides as follows:

> Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a

---

**1.** The modified judgment contained a ten dollar error in arithmetic.

stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of the state.

Connecticut Practice Book § 4046 provides for a stay of execution of a state court judgment pending an appeal of that judgment.

Apparently, this is a question of first impression in this district. Other districts have dealt with the application of 62(f). *Spellman v. Aetna Plywood, Inc.*, 1992 WL 80528 (N.D.Ill. April 8, 1992), permitted a stay of execution given the defendant's inability to post a bond and the fact that in Illinois a judgment becomes a lien once recorded. *State Bank & Trust Co. v. D.J. Griffin Boat*, 926 F.2d 449 (5th Cir.1991), granted a stay of execution without a supersedeas bond, after first acknowledging that "[i]t is not contested that in Louisiana a judgment acts as a lien upon the property of the judgment debtor." A district court in the Western District of Missouri declined to allow an automatic stay despite the fact that Missouri law provides for an automatic stay until disposition of a motion for a new trial. In Missouri, a judgment becomes a lien after the ministerial act of filing the judgment. *Van Huss v. Landsberg*, 262 F.Supp. 867 (W.D.Mo.1967) (debtor did not own property sufficient to secure payment of judgment).

Rule 62(f) is unambiguous. As a prerequisite, a judgment must be a lien in the state where the district is located. In Connecticut, a judgment is not a lien. Further steps beyond mere ministerial acts must be taken to transform a judgment into a lien. For real property, a judgment creditor must prepare a judgment lien certificate and file such certificate in the specific land records where the debtor's property is located. *See* Conn.Gen.Stat. § 52–380a. To obtain a lien on personal property, a judgment creditor must file in the office of the secretary of state a judgment lien certificate setting forth the judgment and describing the property. *See* Conn.Gen.Stat. § 52–355a. Accordingly, in this district a debtor is not entitled to an automatic stay. Defendant must comply with Fed.R.Civ.P. 62(d) in order to obtain a stay of execution. In light of this holding, defendant's motions for a protective order and to quash subpoenas must be denied.

### *CONCLUSION*

For the reasons set forth above, the motions for a stay [55–1], for a protective order [58–1], and to quash subpoenas [60–1] are DENIED.