Gerald K. KNORR, Jr., Plaintiff,

v.

Thomas COUGHLIN, Jr., Commissioner of the Department of Corrections, State of New York; Clinton Correctional Facility; Correctional Officer Maloney; Correctional Officer Facteau; Sergeant Facteau; Correctional Officer Sipe; Correctional Officer Lodge; Correctional Officer Brown; Correctional Officer LaMountain; Correctional Officer "John Doe;" intended to name presently unknown correctional officers, Defendants.

No. 91–CV–0182 TJM–DS.

United States District Court, N.D. New York.

Nov. 25, 1994.

Maynard, O'Connor Law Firm, Albany, NY, for plaintiff (Brendan F. Baynes, of counsel).

G. Oliver Koppell, Atty. Gen. of the State of N.Y., Albany, NY, for defendants Coughlin, Lodge and B. Facteau (Darren O'Connor, Asst. Atty. Gen., of counsel).

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Presently before the court is an appeal by the plaintiff from the part of the order of the Magistrate Judge that (1) denied plaintiff's motion to amend his complaint to substitute certain individuals for the "John Doe" defendants in the complaint and (2) denied plaintiff permission to serve additional summonses on several other defendants. For the reasons articulated below, the decision of the Magistrate Judge is affirmed.

This court may overturn the decision of the Magistrate Judge only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge decided plaintiff's motion under Rule 4(j) of the Federal Rules of Civil Procedure. The Rule provides that "[i]f a service of the summons

and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." Fed. R.Civ.P. 4(j). The rationale for this rule is simple: It is "to force parties and their attorneys to diligently prosecute their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). Moreover, the rule creates a presumption, though rebuttable, in favor of dismissal when a party fails to meet the prescribed time limit. That is, "dismissal of an action is mandatory under Rule 4(j) when the 120 day time limit is violated unless 'good cause' can be shown." *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir. 1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990).

In the case at bar, the Rule 4(j)'s 120 day time limit was unquestionably violated. As the Magistrate Judge noted: "The amended complaint ... was filed on May 30, 1991. The summons for Brown, LaMountain, and Maloney were returned unexecuted on June 23, 1991. The unexecuted summons for Sipe was returned on August 14, 1991. Instead of immediately instituting the discovery proceedings which would provide the proper names, titles, and whereabouts of the named and 'John Doe' defendants, plaintiff's counsel did not file such proceedings until February 24, 1992."

The plaintiff alleges that he had the requisite "good cause" such that an extension of the 120 day time limit is warranted under the rule. *See* Plnt. Mem. at A (document unpaginated). In support of this contention, the plaintiff makes two arguments: First, that defense counsel attempted to hinder plaintiff's attempts to obtain this information; and second, that, though plaintiff's counsel mistakenly relied on the Marshal for service, such mistake should be excused in light of the counsel's status as *pro bono* counsel for an *in forma pauperis* plaintiff.

■ The Magistrate Judge found both contentions unpersuasive and contrary to law. This court agrees. As to the first contention, the Magistrate Judge correctly notes that, even if defense counsel did in fact hinder plaintiff's efforts to obtain the necessary information, that hindrance did not take place until long after the Rule 4(j)'s 120 day time limit had expired. With regard to the second contention, the Magistrate Judge correctly observed that "if the court were to hold that plaintiff's attorney's failure to meet the Rule 4(j) deadline constitutes 'good cause,' [then] the 'good cause exception would swallow the rule.'" Order at 4 (quoting *Wei*, 763 F.2d at 372). Therefore, both of plaintiff's contentions for allowing an extension of the 120 day time limitation is hereby rejected.

■ In this appeal, the plaintiff further argues that the Magistrate Judge erroneously applied Rule 4(j). The plaintiff argues that the new Rule 4(m) is the appropriate standard under which this dispute should have been resolved, and furthermore, that the application of Rule 4(m) would compel a different result. *See* Plnt.Mem. at A (document unpaginated); Plnt.Rep. at ¶ 11.

Predictably, the defendants disagree. They argue, first, that Rule 4(j) was appropriately applied and, second, that the Magistrate Judge's Decision would have been correct even under Rule 4(m). *See* Def.Mem. at 16. Because this court finds the latter contention persuasive, the resolution of the question of which rule to apply is moot.

Rule 4(m), which became effective December 1, 1993, reads as follows: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

The amendments to the rule, to be sure, attempt to further liberalize the pleading requirements under the Federal Rules of Civil Procedure: "pleading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome ... the purpose of

pleading is to facilitate a proper decision on the merits." *United States v. Hougham,* 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960).

But the amendments do not go so far as to render the rules entirely meaningless, and no one professes that there are not still circumstances under which dismissal is proper. Even under Rule 4(m), "though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *National Union Fire Ins. Co. v. Sun,* 1994 WL 463009 (S.D.N.Y.1994).

■ Here, there has not been merely "one misstep," but many, and to excuse this failure would be to extract the tiger's teeth. It is true that dismissal might have repercussions with respect to the applicable statutes of limitations, but the fact that dismissal will impact the statute of limitations does not compel the court to excuse the violation, plaintiff's contention notwithstanding. *See Cloyd v. Arthur Andersen & Co.,* 1994 WL 242184 (10th Cir.1994).

It is therefore determined that the Magistrate Judge correctly determined that there was an insufficient showing of "good cause" under Rule 4(j). Moreover, even assuming, *arguendo,* that 4(m) should have been applied, plaintiff has still failed to demonstrate sufficient cause for granting an extension of the rule. Accordingly, the decision of the Magistrate Judge is hereby affirmed.

It is so ordered.