Jose ALDASORO and Domingo Enriquez, Plaintiffs,

v.

John KENNERSON, Officially as the Registrar of Voters of Imperial County, and El Centro School District, Defendants.

No. 91–1410–B (LSP).

United States District Court, S.D. California.

Dec. 7, 1995.

Pauline Gee, California Rural Legal Assistance, El Centro, CA, for plaintiffs.

John McDermott, Cadwalader, Wickersham and Taft, Los Angeles, CA, for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR STAY OF EXECUTION PENDING APPEAL AND GRANTING 10 DAY STAY OF EXECUTION OF THIS ORDER

BREWSTER, District Judge.

The above-captioned matter was raised by ex parte application of plaintiff submitted Nov. 6, 1995. After due consideration of all the moving and opposition papers and good cause appearing, plaintiffs' motion for stay of execution pending appeal is hereby DENIED; plaintiffs, however, shall be granted a 10 day stay of execution of this Order Denying Plaintiffs' Motion for Stay, to give plaintiffs time to file a motion for stay with the court of appeals for the Ninth Circuit.

### I. Background

Final judgment in the above-captioned matter was entered in favor of defendants on Aug. 4, 1995. By Order dated Aug. 9, 1995, the Clerk of the Court taxed costs against plaintiffs in the amount of $19,462.01, which amount consisted of certain deposition and witness costs and fees. On Sept. 1, 1995, plaintiffs timely filed their notice of appeal of the underlying judgment. Plaintiffs moved for retaxation of costs on Sept. 29, 1995. By Order dated Oct. 25, 1995, this Court denied plaintiffs' motion for retaxation of costs, on the basis that "all of the depositions and subpoenas in dispute were reasonable necessary and material to disposition of issues in the underlying litigation." [1]

On Nov. 6, 1995, plaintiffs submitted an ex parte application for stay of execution of costs pending appeal. By Order dated Nov. 8, 1995, this Court set a Dec. 4, 1995 hearing date on plaintiffs' motion for stay of execution and entered a temporary stay of execution until the motion was decided. The issue now before the Court is the propriety of a stay of execution of the Court Clerk's Aug. 9, 1995 taxation order pending appeal.

### II. Discussion

#### A. Introduction

Plaintiffs move for a stay of execution on two grounds. First, plaintiffs contend they are entitled to a stay pursuant to Fed. R.Civ.P. 62(f), on the basis that (i) in California, a judgment is a lien, and (ii) plaintiffs would be entitled to a stay without bond under California law. Second, and in the alternative, plaintiffs urge the Court to grant a stay pursuant to Fed.R.Civ.P. 62(c) and 62(d), and exercise its discretion to waive the ordinary bond requirement for equitable reasons. Finally, plaintiffs request that should the Court be inclined to deny the motion for stay, plaintiffs nevertheless be given a 10 day stay execution in order to move for a stay with the court of appeals for the Ninth Circuit.

#### B. Standard of Law

Fed.R.Civ.P. 62 provides in pertinent part:

**Stay of Proceedings to Enforce a Judgment**

\*   \*   \*   \*   \*   \*

**(c) Injunction Pending Appeal.** When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant in injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

**(d) Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the

---

1. Oct. 25, 1995 Order Denying Plaintiffs' Motion    to Retax and Review Taxation of Costs at 4.

exceptions contained in subdivision (a) of this rule....

\* \* \* \* \* \*

**(f) Stay According to State Law.** In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

"Rule 62, taken in its entirely, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial." *Van Huss v. Landsberg,* 262 F.Supp. 867, 869 (W.D.Mo.1967).

## C. Stay Pursuant to Rule 62(f)

■ Rule 62(f) recognizes and reaffirms the right of a judgment debtor to a stay of execution "in any state in which a judgment is a lien upon the property of the judgment debtor." Wright & Miller, Federal Practice and Procedure § 2908 (1979 Ed.). Under the Rule, "a judgment debtor is entitled to a stay in the federal district court if," under California law, "(1) the judgment is a lien on the property of the judgment debtor; and (2) the judgment debtor is entitled to a stay." *Bain v. Tri–County Metro. Trans. District,* 1994 WL 544385 (D.Ore.1994).

### 1. A Judgment is Not a Lien in California

Rule 62(f) only applies in states where a "judgment is a lien":

Rule 62(f) is unambiguous. As a prerequisite, a judgment must be a lien in the state where the district is located.... [A] judgment is not a lien ... [where] [f]urther *steps beyond mere ministerial acts* must be taken to transform a judgment into a lien....

*Marandino v. D'Elia and JOFR Assoc.,* 151 F.R.D. 227, 228 (D.Conn.1993) (emphasis added). More specifically, Rule 62(f) permits a stay in states where a judgment constitutes a *lien on real property.* See *Van Huss v. Landsberg,* supra, 262 F.Supp. at 869.

■ Whether a "judgment is a lien" on real property in California appears to be a question of first impression.[2] Under California law, in order to transform a judgment into a lien upon real property, a judgment debtor must record either an abstract of judgment or the judgment itself (containing certain statutorily prescribed information) in the office of the County Recorder of the county where the real property sought to be attached is located. See Cal.Civ.Proc.Code § 697.310(a)[3]; *Moniz v. Moniz,* 142 Cal. App.2d 641, 299 P.2d 329 (1956).

District courts in other states with similar lien statutes have reached differing conclusions as to whether a "judgment is a lien" under such circumstances. See, e.g., *Marandino,* supra, 151 F.R.D. at 228 ("In Connecticut, a judgment is *not* a lien ... [where] a judgment creditor must prepare a judgment lien certificate and file such certificate in the specific land records where the debtor's property is located.") (emphasis added); *Smith v. Village of Maywood,* 1991 WL 277629 (N.D.Ill.1991) (stay of execution pursuant to Rule 62(f) is appropriate where "the judgment entered in favor of [the judgment creditor] *would be a lien* upon [judgment debtor's] real estate once [the judgment creditor] files a certified copy of the judgment in the office of the Recorder of [the] County") (emphasis added).

■ In view of the steps necessary to transform a judgment into a lien and the policy objectives underlying Fed.R.Civ.P. 62,

---

**2.** The Court has found no California case addressing the issue, nor has counsel for either party cited to any relevant California authorities.

**3.** California Code of Procedure § 697.310 provides in pertinent part:

(a) Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment in the county recorded.

Cal.Civ.Proc.Code § 697.310(a). California Code of Procedure § 674 further provides in pertinent part:

(a) Except as otherwise provided in Section 4506 of the Family Code, an abstract of a judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following....

Cal.Civ.Proc.Code § 674(a).

the Court hereby finds that a judgment is *not* a lien on real property in California. Notwithstanding the above conflicting authorities, it seems incorrect to conclude that a "judgment is a lien" under California law. A judgment does not automatically constitute a lien on anything in California, absent further actions by the judgment creditor. See Cal.Civ.Proc.Code § 697.310(a).

■ Moreover, more than "mere ministerial steps" are required to transform the judgment into a lien. See *Marandino,* supra, 151 F.R.D. at 228 (judgment is not a lien where "[f]urther steps beyond mere ministerial acts are required"). In California, the Clerk of the Court who enters judgment is not responsible for initiating the process whereby a lien based on the judgment is created. Cf. *Van Huss,* supra, 262 F.Supp. at 869 (judgment is a lien on real property in Missouri because "the filing of the abstract of the judgment is a ministerial act to be performed by *the Clerk of the Court* within five days following the entry of judgment") (emphasis added). Rather, it is the responsibility of the *judgment creditor* to obtain either an abstract of judgment or a copy of the judgment itself, and take that document to the County Recorder to be recorded. No lien on real property may be created before and until these steps are taken.

This process is not automatic. Indeed, defendant, the El Centro School District, is opposing the motion for stay of execution because it was unable to either (1) execute on the judgment or (2) complete the process of obtaining a lien, before plaintiffs applied for a stay ex parte and the court entered a temporary stay pending hearing on plaintiffs' motion. The chain of events in this very case therefore mitigate against a finding that a "judgment is a lien" in California. Accordingly, plaintiffs' motion for stay pursuant to Fed.R.Civ.P. 62(f) is DENIED.

**D. Stay Pursuant to Rule 62(c) or Rule 62(d)**

■ Pursuant to Fed.R.Civ.P. 62(c) and (d), plaintiffs request the Court exercise its discretion and issue a stay without requiring plaintiffs to post a supersedeas bond. Plaintiffs represent that they are neither willing nor able to post a bond.[4]

Rule 62(c) provides that a Court may in its discretion issue a stay to preserve the status quo in cases where an appeal has been taken from an order or judgment granting or denying an injunction. Fed.R.Civ.P. 62(c); Wright & Miller, Federal Practice and Procedure § 2904 (1979 Ed.).[5] Rule 62(d) entitles a judgment debtor to a stay pending appeal as a matter of right upon the posting of a supersedeas bond. Fed.R.Civ.P. 62(d).

Under both provisions, the decision to issue a stay *without* the posting of a bond by the judgment debtor is a issue left to the discretion of the district judge. *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 757 F.Supp. 1101, 1104 (S.D.Cal.1990). A waiver of the bond requirement may be appropriate: "(1) where the defendant's ability to pay is so plain that the cost of the bond would be a waste or money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *Id.,* citing *Olympia Equipment Leasing Company v. Western Union Telegraph Co.,* 786 F.2d 794, 796 (7th Cir.1986).

■ This is not a case where "the defendant's ability to pay is so plain that the cost of a bond would be a waste of money." See *id.*[6] On the contrary, plaintiffs argue at great length that they do not have sufficient resources to post a bond.

In support of their request for stay without bond, plaintiffs renew the same equitable arguments that they raised in connection with plaintiffs' Rule 59(e) motion to amend,

---

4. See Plaintiffs' Reply at 6 n. 2 ("[N]either plaintiffs have sufficient assets from which they could obtain a bond nor do they have any assets from which they could liquidate to pay the costs of $19,462.01 at the present time").

5. Plaintiffs have represented that their appeal to the Ninth Circuit encompasses an order of this Court denying a request for injunction by plain-

tiffs. Plaintiff's Reply Brief at 10. The Court assumes without deciding that Rule 62(c) therefore applies to the case.

6. A waiver of bond is therefore inappropriate under the first prong of the *Olympia Equipment* standard.

and upon plaintiffs' motion for retaxation. Specifically, plaintiffs contend that:

1) collection of costs will create "incredible financial hardships for the two individual plaintiffs and their families"; [7]

2) recording of a lien would create an "unnecessary cloud on title" that could be foreclosed upon; [8]

3) whether California Rural Legal Assistance (hereinafter "CRLA"), plaintiffs' counsel, can post bond on behalf of plaintiffs should not be weighed in determining whether plaintiffs are entitled to a stay without bond; [9] and therefore

4) the equities favor an issuance of a stay without a bond, especially since the underlying judgment is only for costs.[10]

This Court previously considered plaintiffs' "hardship" arguments at great length on the two prior occasions described above. The Court was not persuaded by such arguments on either of those occasions.[11] Nor is it persuaded now.

This lawsuit was initiated by California Rural Legal Assistance. CRLA is a federally funded organization that utilizes federal funds to litigate cases that are deemed to be in the interests of members of the local rural community. CRLA receives federal funds, as it should, because its cases are considered to be in the "public interest." For example, the instant lawsuit was brought by CRLA to challenge the at-large election system of the El Centro school district, pursuant to the federal Voting Rights Act, 42 U.S.C. § 1973. The lawsuit was brought by CRLA on behalf of the Hispanic community in the El Centro area. The Court therefore has no doubt that this lawsuit was brought in "good faith" and in the "public interest," nor does the Court question the use of federal funds for such purpose. Indeed, the Court finds CRLA's objectives in bringing this case meritorious and laudable.

In pursuing the lawsuit, CRLA chose to file its complaint in the names of the named plaintiffs, Mr. Aldasoro and Mr. Enriquez. This strategic decision does not change the fact, however, that the real party in interest in this case is the United States Government in behalf of the local Hispanic community as represented by CRLA. The real parties in interest are not Mr. Aldasoro and Mr. Enriquez. Mr. Aldasoro and Mr. Enriquez are nominal plaintiffs only. Defendant has represented, and the Court has no reason to disbelieve, that neither named plaintiff has expended any money whatsoever in litigating this case. It is the federal government that has expended such money.

To date the federal government has paid CRLA several hundred thousand dollars for litigation expenses relating to discovery and pretrial motions, trial, and a host of post-trial motions. For CRLA to now oppose the payment of a marginal sum of approximately $19,000 in court costs, on the grounds that *nominal plaintiffs* are impoverished, is therefore disingenuous. Regardless of whose name appears on the cost bill, it is the federal government that is the real party in interest and federal funds that will be used to pay the costs. The United States government is not impecunious. Moreover, defendant itself is a local government entity and its defense in this case has been a drain on public tax revenues. The Court sees no inequity in enforcing a cost bill on behalf of the successful local government entity against the losing federal government real party in interest. Accordingly, CRLA's "hardship" arguments are not persuasive. The Court will not waive the bond required by Fed. R.Civ.P. 62(d).

■ Finally, plaintiffs' argument that a costs-only judgment is somehow less deserving of security to the judgment creditor finds no support under federal law. Although it is true that under California law, an appellant may obtain a stay of execution of a costs-only judgment without posting bond, see, e.g., *Pecsok v. Black,* 7 Cal.App.4th 456, 457, 9

---

7. *Id.* at 7.

8. *Id.*

9. Plaintiffs' Reply at 9.

10. Plaintiff's Memo. at 6.

11. See, e.g., Transcript of Dec. 19 Rule 59(e) Motion Hearing at 12–15.

Cal.Rptr.2d 12, (1992), the Federal Rules reflect no such policy. On the contrary, "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial." *Van Huss v. Landsberg,* supra, 262 F.Supp. at 869; see *N.L.R.B. v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988) (under Rule 62, "the posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment").

Accordingly, plaintiffs' motion for a stay without bond pursuant to Fed.R.Civ.P. 62(c) and (d) is hereby DENIED.

### V. Conclusion

For all the above foregoing reasons, IT IS HEREBY ORDERED THAT:

1) Plaintiffs' Motion for Stay of Execution Pending Appeal is DENIED; and

2) Plaintiffs shall be granted a 10 day stay of execution of this Order, from the date of this Order, to allow plaintiffs time to bring a motion to stay with the court of appeals for the Ninth Circuit.

IT IS SO ORDERED.