Caouette v. Geo-Flow, Inc.          CV-95-587-B    02/09/98

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Henry H. Caouette;</u>
<u>Geo-Flow, Inc.</u>

    **v.**                                          C-95-587-B

<u>David W. Presby;</u>
<u>Presby Environmental, Inc.</u>


<u>**MEMORANDUM AND ORDER**</u>

Plaintiffs Henry H. Caouette and Geo-Flow, Inc., brought this action against defendants David W. Presby and Presby Environmental, Inc., alleging patent infringement, breach of contract, and unfair competition in violation of state and federal law. After trial, the jury found in favor of plaintiffs on the breach of contract claim, awarding $450,000 in damages. Defendants have filed a notice of appeal challenging several aspects of the judgment. Defendants now move, pursuant to Fed. R. Civ. P. 62, to stay: (1) the district court judgment pending appeal; and (2) a writ of execution pending appeal. Plaintiffs argue in objection that the court should not grant either stay because defendants have not secured a supersedeas bond as required by Fed. R. Civ. P. 62(d). In response, defendants state that they are in the process of securing an appropriate bond and

expect to have that process completed within 30 days. For the reasons stated below, defendants' motions are granted.

## DISCUSSION

Rule 62(d) provides:

> When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Because the stay operates in the appellant's favor, fairness dictates that the appellee should be able to "obtain immediate protection for the full amount that may ultimately be due if appellant opts to withhold immediate payment while exercising its appellate rights." North River Ins. Co. v. Greater New York Mut. Ins. Co., 895 F. Supp. 83, 84 (E.D. Pa. 1995). Thus, the purpose of the bond is to ensure "that the appellee will be able to obtain satisfaction of the judgment if the appellant is unsuccessful on appeal." North River Ins., 895 F. Supp. at 84; J. Perez & Cia, Inc. v. United States, 578 F. Supp. 1318, 1320 (D.P.R.), aff'd, 747 F.2d 813 (1st Cir. 1984). In normal circumstances, courts require the movant to give a bond before granting a stay. Fed. Prescription Servs. v. American Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980); Perez, 578 F. Supp. at 1320.

2

Although bonds are required in most cases, a district court does have the discretion "to authorize unsecured stays in cases it deems appropriate." Fed. Prescription Servs., 636 F.2d at 758. If the district court decides to depart from the normal practice of requiring a supersedeas bond, the court should "place the burden on the moving party to objectively demonstrate the reasons for such a departure." Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Advanced Estimating Systems, Inc. v. Riney, 171 F.R.D. 327, 328 (S.D. Fla. 1997). If the movant fails to demonstrate good cause for waiving the supersedeas bond requirement, then the court should not grant the stay. Poplar Grove, 600 F.2d at 1191; Wilmer v. Bd. of County Comm'rs of Leavenworth County, 159 F.R.D. 560, 561 (D. Kan. 1994); Grand Union Co. v. Food Employers Labor Relations Ass'n, 637 F. Supp. 356, 357 (D.D.C. 1986).

Rule 62(d), thus, places on the moving party the affirmative obligation to either give a supersedeas bond or show good cause why no bond is necessary. Advanced Estimating Systems, Inc, 171 F.R.D. at 328; Wilmer, 159 F.R.D. at 561. Defendants have not yet given a bond. They have, however, indicated that they are in the process of obtaining a bond and expect to have that process completed within 30 days.

In reliance on defendants' good faith actions towards obtaining a bond, I hereby grant their motions to stay the writ of execution and the judgment. On or before February 23, 1998, plaintiffs shall file with the court a summary of their costs. See Local Rule 62.1. On or before March 16, 1998, defendants shall give a supersedeas bond in the amount of the district court judgment, as amended to include an award of prejudgment interest, plus interest and plaintiffs' costs. See id. If defendants fail to do so, the stay shall expire on March 17, 1998.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay judgment pending appeal (doc. no. 116) and motion to stay writ of execution pending appeal (doc. no. 117) are granted. Should defendants fail to give a bond in the amount specified above, the stays of judgment and execution shall expire on March 17, 1998.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 9, 1998

cc: Mary E. Fougere, Esq.
    Peter N. Tamposi, Esq.
    Douglas L. Ingersoll, Esq.

4