# United States Court of Appeals
## For the First Circuit

No. 03-1529

NOEL RODRÍGUEZ-VÁZQUEZ, ET AL.,

Plaintiffs, Appellees,

v.

ABRAHAM LÓPEZ-MARTÍNEZ, ET AL.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

G. Ismalia Gutiérrez Galang and Law Offices of Pedro E. Ortiz Álvarez, P.S.C., on Urgent Motion Seeking Stay Pending Appeal for appellants.
Pablo Landrau Pirazzi and Aldarondo & López Bras, on Opposition to Urgent Motion Seeking Stay Pending Appeal for appellees.

September 29, 2003

**Per Curiam**. Before us we have defendant-appellants' request for a stay pursuant to Fed. R. Civ. P. 62(f) of the monetary judgments against them. We issued a temporary stay and requested further briefing on quite difficult issues of Puerto Rico law, but only plaintiff-appellees have filed a brief in compliance with our request. We have concluded that, on the basis of the present record and the information presented to us, the stay request should be denied.

Our earlier decision in Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13 (1st Cir. 2002)(per curiam), would, standing alone, bar the stay, but we are satisfied that decision rested on a mistaken premise; specifically, it relied on P.R. Civ. P. 51.3 which, on further examination, does not deal with the process of converting a judgment into a lien. Plaintiff-appellees so concede. Although we would customarily confer with the other active judges before departing from a published circuit precedent, see Trailer Marine Transport Corp. v. Rivera Vazquez, 977 F.2d 1, 9 n. 5 (1st Cir. 1992), we would unhesitantly confer in this case if a stay under Rule 62(f) were otherwise appropriate.

The case law as to Rule 62(f) itself is fragmentary, and the principal district court cases are at odds. Compare Smith v. Village of Maywood, No. 84-2269, 1991 WL 277629 (N.D. Ill. Dec. 20, 1991) and McDonald v. McCarthy, No. 89-0319, 1990 WL 165940 (E.D. Pa. Oct. 22, 1990) with Aldasoro v. Kennerson, 915 F. Supp. 188,

190-91 (S.D. Cal. 1995) <u>and</u> <u>Marandino</u> v. <u>D'Elia</u>, 151 F.R.D. 227, 228 (D. Conn. 1993). Our own inclination is to think that where a lien can be procured by minor ministerial acts, this minor burden on the judgment-creditor should not preclude a stay under Rule 62(f). But it is sufficient in this case that plaintiff-appellees colorably argue that a lien could not be procured absent the payment of a very large fee for registration of the judgment. Although this may be mistaken, the defendant-appellants have not shown us anything to the contrary. If the premise is mistaken, it can be revisited in some future case, but as far as this one is concerned, the defendant-appellants have had their opportunity.

Alternatively, a stay could also be denied if we were to adopt the Second Circuit's interesting approach in <u>FDIC</u> v. <u>Ann-High Associates</u>, 39 Fed. R. Serv. 3d 684, 1997 WL 1877195 (2d Cir. Dec. 2, 1997), which suggests that there must be a showing that the liened property would be sufficient to satisfy the judgment. This <u>might</u> be a permissible gloss on Rule 62(f), but even if so, it could be argued to the contrary that a lien on all property, whatever its value, would give the judgment-creditor everything that would be available if there were no appeal or supersedeas bond. Since <u>Ann-High</u> was not previously mentioned in the stay papers, nor do we know whether the municipality could satisfy that requirement, it seems best to reserve this issue for a future case.

The division of authority as to Rule 62(f) is the least of the problems. Our request for further briefing identified further issues peculiar to Puerto Rico law that have a bearing on whether Rule 62(f) would apply. On some of these issues, plaintiff-appellees supplemental brief has been of assistance, but on others the arguments are not persuasive or the issue is at least in doubt. A copy of the order requesting supplemental briefing is attached.

Although our present decision resolves very little beyond this stay request, we are publishing this per curiam to alert future litigants in this circuit to the problem with <u>Acevedo</u> and also to the division of federal authority and the unresolved or debatable issues of Puerto Rico law. Past experience suggests that such lawsuits against municipalities in Puerto Rico based on political discrimination charges will continue, and the Rule 62(f) question is likely to be a recurring one. The identification of issues may at least permit future parties to provide the court with more assistance.

The motion for stay pending appeal is <u>denied</u>. To provide time for the posting of a supersedeas bond, the temporary stay previously granted by this court shall continue for 10 days from the date of this order and then expire unless renewed by the district court.

<u>It is so ordered</u>.

# United States Court of Appeals
## For the First Circuit

No. 03-1529

NOEL RODRIGUEZ-VAZQUEZ, ET AL.,

Plaintiffs, Appellees.
_____

DANIEL OQUENDO-FIGUEROA, ET AL.,

Plaintiffs,

v.

ABRAHAM LOPEZ-MARTINEZ, ET AL.

Defendants, Appellants.

Before

Boudin, <u>Chief Judge</u>,
Lynch and Howard, <u>Circuit Judges</u>.

**ORDER OF COURT**

**Entered:  June 13, 2003**

Preliminary consideration of the appellants' request for a stay of execution of the monetary judgments against them pursuant to Fed. R. Civ. P. 62(f) suggests the need for further briefing with respect to the underlying issues of Puerto Rican law.

Appellants seek to distinguish this case from <u>Acevedo-Garcia</u> v. <u>Vera-Monroig</u>, 296 F.3d 13 (1st Cir. 2002) (per curiam). Further examination of <u>Acevedo</u> suggests substantial doubt as to whether the pivotal rule on which the court relied in that case (P.R. R. Civ. P. 51.3) does in fact govern judgment liens under Puerto Rican law.  Rule 51.3 can be plausibly read as governing only the enforcement of judgment in the case of disobedience by the losing party; and it has been argued to us that instead 30 L.P.R.A. §§ 1801-1806 govern judgment liens.

-5-

Although the parties do not appear to dispute that the judgment debtors would be entitled to a stay in the courts of Puerto Rico had the action been filed there, the only authority cited in this regard is Rule 69.6 of the Puerto Rico Rules of Civil Procedure, which exempts municipal corporations from bond-posting requirements. However, Rule 69.6 does not appear to extend to municipal officials, nor does it expressly provide for a stay of execution of judgment.

Further, we note that appellees have asserted that Puerto Rican law exempts property of municipal corporations from execution of judgment. However, the authorities on which appellees rely do not provide clear support for the stated proposition, nor do they suggest that such a rule would apply to a municipal official held liable in his individual capacity.

Accordingly, we invite the parties to submit briefs addressing the following issues and any others the parties wish to raise:

(1) whether judgment liens under Puerto Rican law are governed by P.R. R. Civ. P. 51.3, or 30 L.P.R.A. §§ 1801-1806, or by other statutes, rules or case law that have not yet been drawn to this court's attention, and whether under any of these provisions the conversion of a monetary judgment into a lien involves more than ministerial acts by the judgment creditor;

(2) whether P.R. R. Civ. P. 69.6 can be, or is in practice, read as granting municipalities or municipal officials an automatic stay of execution of judgment;

(3) whether appellants would be entitled to a stay of execution under any other provisions of Puerto Rico law;

(4) whether the property of municipal corporations or municipal officials is exempt from execution of judgment in the courts of Puerto Rico.

Supplemental briefs, limited to 15 pages each side, shall be filed on or before twenty-one (21) days from the date of this order. The temporary stay, as provided in this court's order of June 6, 2003, shall remain in effect until further ordered.

It is so ordered.

By the Court:


By: _____
    Richard Cushing Donovan, Clerk.


[CC: Pablo Landrau Pirazzi, Esq., Ivan M. Castro-Ruiz, Eliezer Aldarondo-Ortiz, Esq., Claudio Aliff-Ortiz, Johanna M. Emmanuelli-Huertas, Esq., Gina Ismalia Gutierrez-Galang, Marie Ceferina Javier Villegas, Esq., Heriberto Guivas-Lorenzo, Esq.]