**UNITED STATES of America and Jim White, Jr., Special Agent, Internal Revenue Service, Petitioners-Appellants,**

v.

**Margie WYLIE, Respondent-Appellee,**

**Willie F. Baker, Intervenor-Appellee.**

No. 83–7338.

United States Court of Appeals, Eleventh Circuit.

April 26, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Atty., Tax Div., John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellants.

Thomas S. Lawson, Jr., L. Lister Hill, Montgomery, Ala., for respondent-appellee.

Before HILL, VANCE and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Pursuant to a tax investigation of Willie Frank Baker, Internal Revenue Service Agent Jim White issued an administrative summons to bookkeeper Margie Wylie, directing that she produce documents relating to Baker's alleged tax liabilities. Baker informed Wylie not to comply with the summons. *See* 26 U.S.C.A. § 7609(b)(2) (Supp.1983).

This action to enforce the summons was initiated in the United States District Court for the Middle District of Alabama. *See* 26 U.S.C.A. §§ 7402(b), 7604(a) (West 1967). On April 5, 1983, the court issued an order quashing the summons and the government filed its notice of appeal on June 3, 1983.

This court was notified at oral argument that Wylie had turned the records in question over to Baker's attorney shortly after the district court judgment. The question before the court, therefore, is whether Wylie's current lack of control over the records moots this case.

If the losing party in litigation in the district court does not obtain a stay of judgment, the prevailing party may treat the judgment of the district court as final. *American Grain Assoc. v. Lee-Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir.1980);[1] 9 J. Moore, *Federal Practice* ¶ 208.03, at 8–9 (2d ed. 1979). Even in cases where an appeal is taken, the ability of the prevailing party to act as it wishes in the absence of a stay may render the appellate court powerless to grant the particular relief sought. *American Grain Assoc. v. Lee-Vac, Ltd.,* 630 F.2d at 247.

In this case, the district court quashed the summons and declined to enforce it. The government did not seek a stay of that order. *See* Fed.R.Civ.P. 62.[2] Wylie was therefore able to do what she wished with the records.[3]

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

2. Fed.R.Civ.P. 62 governs application for stays of judgment in the district court. *See United States v. Powell,* 379 U.S. 48, 58 n. 18, 85 S.Ct. 248, 255, n. 18, 13 L.Ed.2d 112 (1964) (actions under 26 U.S.C. § 7604 governed by Federal Rules of Civil Procedure). Fed.R.Civ.P. 62(a) provides for an automatic ten-day stay as against any execution upon a judgment or enforcement proceeding. (The automatic stay is not applicable to actions for injunction or receivership, or judgments directing an accounting in an action for patent infringement). The government does not contend that the records were turned over during this ten-day period. Fed.R.Civ.P. 62(d) allows for a stay pending appeal if the appellant files a supercedeas bond. The stay is a matter of right. *See American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres,* 87 S.Ct.

1, 17 L.Ed.2d 37 (1966) (Harlan J., Circuit Justice); 11 C. Wright & A. Miller, *Federal Practice & Procedure,* § 2905 at 326. Fed.R.Civ.P. 62(e) provides as follows:

When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

While the government may request a stay without filing bond, it did not do so here.

3. Of course, prior to the judgment in her favor by the district court, Wylie could not moot the proceeding by transferring the records. *See, e.g., United States v. Asay,* 614 F.2d 655, 660 (9th Cir.1980). Once a summons is served, the rights and obligations of the parties become fixed until a decision on its validity. *See Couch v. United States,* 409 U.S. 322, 329 n. 9, 93 S.Ct. 611, 616 n. 9, 34 L.Ed.2d 548 (1973). The duty imposed upon Wylie by receipt of the IRS summons was terminated, however, by the district court's order quashing the summons.

The government argues that this result will interfere with the enforcement of tax summonses. However, its ability to stay an unfavorable ruling insures that no such interference will take place.

It is undisputed that Wylie no longer has records subject to the administrative summons. The appeal from the district court's denial of enforcement is therefore moot.[4] The appeal is dismissed.

DISMISSED.

---

**4.** The government asserts that the case may not be moot because, if the court were to reverse the ruling below, it would initiate contempt proceedings against Wylie for having turned over the records. *See United States v. Cortese,* 709 F.2d 1496 (3d Cir.1983) (per curiam). On these facts, the government's contemplation of such a proceeding cannot create jurisdiction over an otherwise moot case. As we have noted, Wylie was free to accept her victory and give the records to Baker's attorney. Absent a stay of the district court's order quashing the summons, there was no summons and there was no order of the district court which Wylie's actions disobeyed. Thus, there could be no contempt. *See Reisman v. Caplin,* 375 U.S. 440, 446, 84 S.Ct. 508, 512, 11 L.Ed.2d 459 (1964) ("only a refusal to comply with an order of the district judge subjects the witness to contempt proceedings.").