Leray W. HEBERT, Jr., et al., Plaintiffs,

v.

EXXON CORPORATION,
et al., Defendants.

TRINITY INDUSTRIES, INC.,
Plaintiff–Appellee,

v.

INA OF TEXAS, Defendant–Appellee,

v.

ALBANY INSURANCE COMPANY,
Defendant–Appellant.

In re ALBANY INSURANCE
COMPANY, Petitioner.

Nos. 91–3912, 92–3091.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1992.

As Modified Feb. 6, 1992.

Russell D. Pulver, C. Theodore Alpaugh, Ellefson, Pulver & Staines, Metairie, La., for Albany Ins. Co.

E. Burt Harris, Exxon Co., New Orleans, La., for other interested parties.

Peter L. Hilbert, Jr., McGlinchey, Stafford, Cellini & Lang, Darnell Bludworth, New Orleans, La., for Trinity Industries.

A. Gordon Grant, Jr., Robert E. Durgin, Christopher E. Carey, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for INA of Texas.

Henry A. Mentz, Jr., U.S. Dept. of Justice, New Orleans, La., for the U.S.

Before POLITZ, Chief Judge, and KING and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Petitioner Albany Insurance Company ("Albany") seeks a writ of mandamus to the United States District Court for the Eastern District of Louisiana to require the court to stay the execution of its November 5, 1991 declaratory judgment. This judgment declared Albany, as excess insurer for Gretna Machine and Iron Works ("Gretna"), liable for Gretna's share of the damages owed to Exxon Shipping Company

("Exxon") in excess of $298,866.91. For the reasons set forth below, we grant the writ and order the district court to institute the stay.

### I.

This case involves the November 13, 1985 explosion of Exxon's Barge, the EB 334. After the parties settled on the personal injury claims arising out of the incident, the physical damage to the barge as a result of the explosion remained the sole issue to litigate. On May 31, 1991, the district court held Gretna seventy percent liable for Exxon's stipulated damages of $375,759.53. *See Hebert v. Exxon Corp.*, 770 F.Supp. 314, 316 (E.D.La.1991). On August 16, 1991, it also awarded Exxon prejudgment interest "from the date of the loss at the legal rate provided in Louisiana Civil Code article 2924(B), compounded annually." *Id.* at 320.

After this ruling, the district court reconsidered Gretna's request for declaratory relief to resolve the dispute between Gretna's primary insurer, INA of Texas ("INA"), and its excess insurer, Albany, as to the applicable limits of liability for the loss to be provided by the primary insurer.[1]

On November 5, 1991, the district court entered judgment, in which it declared that in Civil Action Number 91–131 INA of Texas provides coverage for Gretna Machine & Iron Works, a division of Trinity Industries, Inc. for liability with respect to Paragraph 1 of this Judgment to a limit of $500,000.00 plus defense costs and amounts previous [sic] paid, for a remaining limit of liability of $298,866.91, and that Albany Insurance Company provides insurance coverage for Gretna Machine & Iron Works, a division of Trinity Industries, Inc., for liability with respect to Paragraph 1 of this Judgment in excess of $298,866.91.[2]

Pursuant to this judgment, INA paid Gretna $298,866.91. Albany appealed the judgment, and Gretna cross-appealed. On November 13, 1991, Albany filed a supersedeas bond with the district court to stay execution of that portion of the judgment applicable to Albany.

On December 6, 1991, Exxon moved for a contradictory hearing to limit the scope of the pending stay request. Albany opposed this motion, and moved the district court to permit substitution of a new supersedeas bond naming Gretna as an additional principal. The district court granted Exxon's motion and denied Albany's motion on January 14, 1992. Without a hearing, the district court held that under *In re Zapata Gulf Marine Corp.*, 941 F.2d 293 (5th Cir. 1991), it lacked the authority to stay the judgment in favor of Gretna.

In response, Albany sought an order from the district court staying the portion of the judgment applicable to Albany on the basis that Federal Rule of Civil Procedure 62(d) entitled it to the stay as a matter of a right. In a minute entry dated January 28, 1992, the district court denied Albany's motion for stay pending appeal. The district court reasoned that "[b]ecause the judgment against Albany is not a money judgment, but a declaratory judgment, Albany is not entitled to a stay as a matter of right" (citation and footnote omitted). Albany contends that the district court erroneously assumed that a declaratory judgment must be a non-money judgment and seeks relief from this decision.

### II.

*Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), delineated the factors to consider in reviewing a petition for a writ of

---

**1.** Gretna initially moved for summary judgment in the declaratory judgment action on this issue on April 16, 1991. The district court addressed the applicable limits on the INA policies in its Order and Reasons issued on August 20, 1991. When the district court denied summary judgment, it erroneously dismissed Gretna's complaint for declaratory relief at the same time.

At Albany's request, the district court vacated this dismissal in its Order and Reasons issued on October 21, 1991.

**2.** This judgment also ordered that Exxon recover costs and postjudgment interest from Gretna and Vapor–Tech, the other party held liable.

mandamus. Before issuing the writ, we require

> that the petitioners demonstrate a "clear abuse of discretion," or conduct amounting to "usurpation of [the judicial] power[.]" To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek, and carry "the burden of showing that [their] right to issuance of the writ is 'clear and indisputable.'"

*Id.* at 1820 (citations omitted). In light of this standard, then, we consider Albany's petition.

■ Albany contends that the district court incorrectly premised its decision to refuse the stay on the assumption that a judgment arising from a declaratory judgment action must necessarily be a nonmoney judgment. Albany suggests that because the declaratory judgment requires it to pay a specific sum of money, it can be characterized as a money judgment. Federal Rule of Civil Procedure 62(d) provides that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.[3] The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

This provision of Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond. *See Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir.1982); *accord NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Westphal*, 859 F.2d at 819; *see also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*,

600 F.2d 1189, 1190 (5th Cir.1979) (policy behind supersedeas bond is to preserve "the status quo while protecting the non-appealing party's rights pending appeal").

Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment. *See, e.g., Westphal*, 859 F.2d at 819 (Rule 62(d) did not operate to stay an order directing compliance with NLRB subpoenas); *Donovan*, 696 F.2d at 526–27 (appellant not entitled to stay of order to permit OSHA inspection under Rule 62(d)); *United States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D.Fla.1990) (Rule 62(d) inapplicable because supersedeas bond would not ensure that the Government could adequately compensate claimant for the lost use of his seized commercial fishing boat "and the income that it may produce for him over the many months that its appeal may be pending on the Circuit"). Under this reasoning, the supersedeas bond requirement in Rule 62(d) serves, in money judgment cases, as a "kind-for-kind security to guarantee the judgment." *United States Fishing Vessel MAYLIN*, 130 F.R.D. at 686.

■ We find no support for the proposition that a judgment for money is not entitled to an automatic stay pursuant to Rule 62(d) simply because it takes the form of a declaratory judgment. The district court's conclusion erroneously distinguishes between declaratory and money judgments. The applicability of Rule 62(d) turns not on that distinction, but on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not otherwise excepted under Rule 62(a). Here, the district court's declaratory judgment binds Albany to pay a specific sum of money. Accordingly, both the language of Rule 62(d) and its underlying rationale entitle Albany to an automatic stay pending appeal in this case.

---

**3.** Rule 62(a) excepts from stay "an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent."

We find that the district court clearly abused its discretion in refusing to stay the declaratory judgment against Albany. Our refusal to issue a writ of mandamus would deprive Albany of its only avenue of relief on this issue. Finally, because Rule 62(d) and the cases interpreting it wholly support Albany's entitlement to an automatic stay, we conclude that its "right to issuance of the writ is 'clear and indisputable,'" and grant Albany's petition on this basis.

### III.

For the foregoing reasons, we GRANT the petition for writ of mandamus and ORDER the district court to VACATE its order denying a stay of execution to Albany, PERMIT the substitution of a new supersedeas bond with the district court naming Albany as principal and running in favor of Gretna and INSTITUTE the stay pending appeal.

WE FURTHER ORDER that the motion of cross-appellant Gretna for stay pending appeal pursuant to Fed.R.App.P. 8(a) is DENIED. See *Zapata*, 941 F.2d at 295.