BellSOUTH TELECOMMUNICATIONS,
INC., Plaintiff,

v.

ITC DELTACOM COMMUNICATIONS,
INC., et al., Defendants.

BellSouth Telecommunications,
Inc., Plaintiff,

v.

ICG Telecom Group, Inc.,
et al., Defendants.

Civ.A. Nos. 99–D–287–N, 99–D–747–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 3, 1999.

Atley A. Kitchings, Jr., Jeffrey E. Holmes, Lange, Simpson, Robinson & Somerville, Birmingham, AL, William J. Ellenberg, II, Thomas B. Alexander, Edwin E. Edenfield, Jr., R. Douglas Lackey, BellSouth Telecommunications, Inc., Legal Department, Atlanta, GA, D. Owen Blake, Jr., BellSouth Telecommunications, Inc., Birmingham, AL, for BellSouth Telecommunications, Inc., plaintiff.

William D. Coleman, Capell & Howard, PC, Montgomery, AL, Alan P. Shor, Atlanta, GA, Edgar C. Gentle, III, G. Nicole Mapp, Gentle, Pickens & Eliason, Birmingham, AL, Richard M. Rindler, Swidler Berlin Shereff Friedman, LLP, Washington, DC, for ITC Deltacom Communications, Inc., defendant.

William Joseph Baxley, D. (Randy) Randolph James, Jr., Baxley, Dillard, Dauphin & McKnight, Edgar C. Gentle, III, Michael K. Abernathy, G. Nicole Mapp, Gentle, Pickens & Eliason, Birmingham, AL, for ICG Telecom Group, Inc., defendant.

William D. Coleman, Capell & Howard, PC, J. Fairley McDonald, III, Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Richard M. Rindler, Swidler Berlin Shereff Friedman, LLP, Michael L. Shor, Swidler Berlin Shereff Friedman, LLP, Washington, DC, for KMC Telecom, Inc., defendant.

William D. Coleman, Capell & Howard, PC, Montgomery, AL, Jonathan E. Canis, Enrico C. Soriano, Kelley, Drye & Warren, Richard M. Rindler, Michael L. Shor, Swidler Berlin Shereff Friedman, LLP, Washington, DC, William Ogletree, McCain & Ogletree, PC, Gadsden, AL, Scott A. Sapperstein, Intermedia Communications, Inc., Tampa, FL, for Intermedia Communications, Inc., defendant.

J. Fairley McDonald, III, Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, for E. Spire Communications, Inc., defendant.

William D. Coleman, Capell & Howard, PC, J. Fairley McDonald, III, Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Richard M. Rindler, Michael L. Shor, Swidler Berlin Shereff Friedman, LLP, Washington, DC, for Hyperion Telecommunications, Inc., defendant.

Terry L. Butts, Cervera, Ralph & Butts, Troy, AL, Kenneth D. Wallis, II, Capell & Howard, PC, William H. Pryor, Jr., Attorney General, Office of the Attorney General, James Eldon Wilson, Pappanastos, Wilson &

Associates, Montgomery, AL, for Alabama Public Service Commission, defendant.

Terry L. Butts, Cervera, Ralph & Butts, Troy, AL, Kenneth D. Wallis, II, Capell & Howard, PC, William H. Pryor, Jr., Attorney General, Office of the Attorney General, James Eldon Wilson, Pappanastos, Wilson & Associates, Montgomery, AL, for Jim Sullivan, in his official capacity as President of the APSC, Jan Cook, in her official capacity as Commissioner of the APSC, George C. Wallace, Jr., in his official capacity as Commissioner of the APSC, defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are two separate Motions For Disbursement Of Funds, filed by Defendant KMC Telecommunications, Inc. ("KMC") and Defendant ITCA DeltaCom ("ITC") on November 16, 1999.

Also before the court is Plaintiff BellSouth Telecommunications, Inc.'s ("BellSouth") Motion To Maintain Funds In Court Registry And Approve Or Set Supersedeas Bond. ("BellSouth Mot.") On November 22, 1999, KMC filed an Opposition To BellSouth Telecommunication, Inc.'s Motion, which the court construes as a Response ("KMC Resp."). Also on November 22, 1999, ITC and Defendant Intermedia Communications, Inc. ("Intermedia") filed an Opposition To BellSouth's Motion, which the court construes as a Response ("ITC Resp."). On December 1, 1999, BellSouth filed a Response to KMC's And ITC's Opposition, which the court construes as a Reply.

After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that: (1) BellSouth's Motion is due to be granted; (2) KMC's Motion is due to be denied; and (3) ITC's Motion is due to be denied.

## BACKGROUND

On March 22, 1999, BellSouth commenced the above-styled action by filing a Petition For Judicial Review And Complaint For Declaratory Judgment And Other Relief against Defendants KMC, ITC, ICG Telecom Group, Inc., Intermedia, e.spire Communications, Inc., Hyperion Telecommunications, Inc., and the Alabama Public Service Commission ("APSC"). BellSouth sought the following relief: (1) judicial review of the March 4 Order of the APSC ("March 4 Order"); (2) "a judgment declaring that the telecommunications traffic in question is interstate—not local—in nature, and therefore not subject to the reciprocal compensation provisions of the Interconnection Agreements" (March 22 Pet. at 11); and (3) injunctive relief "enjoin[ing] the [APSC] from ordering BellSouth to pay reciprocal compensation for termination of calls delivered to ISP end users, because those calls are interstate in nature." (Id. at 12.)

Also on March 22, 1999, BellSouth filed an Emergency Motion To Pay Into Court Amounts Owed Under The APSC Order ("Emergency Mot."), wherein BellSouth moved the court for leave to deposit into the court sums due to ITC, KMC and Intermedia under the APSC Order. (Emergency Mot. at 3.) On that same date, BellSouth filed a Motion To Stay, wherein BellSouth moved the court to stay the APSC Order. (Mot. To Stay at 2.) The court held a hearing in Chambers on March 23, 1999 and granted both BellSouth's Motion To Stay and Emergency Motion by Order entered March 23, 1999.

Finally, on November 15, 1999, the court entered a judgment denying BellSouth's March 22, 1999, Petition. In a Memorandum Opinion And Order the court affirmed an August 18, 1999 Order and stayed the disbursement of the funds which were deposited by BellSouth, pending an appropriate motion by Defendants. ITC and KMC have now made those motions, which the court addresses below.

## DISCUSSION

In its Motion, BellSouth asks the court to stay the disbursement of the funds pursuant to Federal Rule of Civil Procedure 62(d). (BellSouth Mot. ¶ 5.) BellSouth argues that such a stay is a matter of right if the moving party posts a supersedeas bond. (Id.) Because the court finds that the subject of BellSouth's requested stay is an order to pay money, the court finds that BellSouth is enti-

tled to a stay as a matter of right under Rule 62(d).

Federal Rule of Civil Procedure 62 governs application for stays of judgment of the district court.[1] *See* FED.R.CIV.P. 62; *U.S. v. Wylie,* 730 F.2d 1401, 1402 n. 2 (11th Cir. 1984). "Federal Rule of Civil Procedure 62(d) allows for a stay pending appeal if the appellant files a supersedeas bond. The stay is a matter of right." *Wylie,* 730 F.2d at 1402 n. 2. "With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *American Mfr. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.,* 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (Harlan, J., as Circuit Justice). However, when the underlying judgment is one concerning an injunction, a receivership action, or the infringement of a patent, for example, the stay is not available unless otherwise ordered by the court. *See* FED.R.CIV.P. 62.

Here, Defendants KMC and ITC argue that the court has not entered a money judgment (KMC Resp. at 6; ITC Resp. ¶ 2) because KMC, ITC, and Intermedia do not have a sum certain upon which to execute. (KMC Resp. at 7.) Therefore, KMC asserts that BellSouth is not a judgment debtor and that Rule 62 does not apply. (*Id.*)

While the court agrees that the amount BellSouth owes to KMC and ITC is not a sum certain, the court finds that this fact is not dispositive of the application of Rule 62(d). The APSC clearly ordered BellSouth to "pay all reciprocal compensation amounts withheld for ISP traffic under [the] interconnection agreements" with KMC and ITC. (March 4 Order at 26.) Therefore, the court finds that BellSouth is subject to a money judgment.

Additionally, it is true, as KMC asserts, that the sum BellSouth owes to Defendants cannot be determined by the APSC's Order or this court's November 15 Order. Regard-

less, the APSC's March 4 Order is monetary in nature, and "not otherwise excepted under Rule 62(a)." *Hebert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir.1992). Thus, the court finds that the language of Rule 62(d) provides for a stay under the current facts.

Further, the underlying purpose of Rule 62 is to "to protect the interests of the judgment creditor who is being stayed from execution pending the outcome of the appeal." 12 Moore's Federal Practice, § 62.03 (3d. ed.1996). The posting of a "supersedeas bond preserves the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd,* 781 F.2d 1494, 1496 (11th Cir.1986). "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert,* 953 F.2d at 938. In the present case, BellSouth is not a judgment debtor in a traditional sense. That is, KMC, ITC, and Intermedia cannot obtain a lien upon any of BellSouth's assets as a result of this court's decision. (KMC Resp. at 7.) However, BellSouth has been ordered to pay a monetary judgment. (March 4 Order at 26.) Indeed, KMC and ITC fail to point out any nonmonetary loss which will occur as a result of the stay of this court's judgment.

In sum, regardless of Defendant's assertions, the fact remains that the case sub judice is monetary in nature. Therefore, the court finds that BellSouth may post a supersedeas bond and stay the execution of this court's judgment *pending appeal.* Based on the foregoing, the court finds that BellSouth's Motion To Maintain is due to be granted. Having decided that BellSouth may post a supersedeas bond, the court must now address the amount of the supersedeas bond.

The court recognizes that record is incomplete as to the amount of money which is due under the various interconnection agreements. Therefore, the court directs the par-

---

1. The court notes that the rules do not specifically address the issuance of a stay of a state agency's decision. *See* FED.R.CIV P. 62; *Illinois Bell Tel. Co. v. WorldCom Tech., Inc.,* 157 F.3d 500, 502 (7th Cir.1998). While the underlying case here is a decision by a state agency, the subject of the requested stay is the November 15 Order of this court.

ties to brief the issue of the proper amount of the supersedeas bond to be posted by Bell-South.

## ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff Bell-South's Motion To Maintain Funds In Court Registry And Approve Or Set Supersedeas Bond be and the same is hereby GRANTED.

In further consideration of this Motion, the court finds that the Parties are due to file briefs to assist the court in determining the amount of the supersedeas bond due to be posted by Plaintiff BellSouth. Accordingly, it is hereby CONSIDERED and ORDERED that the Parties comply with the following:

(1) Plaintiff BellSouth Telecommunications, Inc. is DIRECTED to file its brief, with supporting affidavits as necessary, on the following issues: its proposed condition of the supersedeas bond, the accrued amounts billed to BellSouth by ITC, KMC, and Intermedia for reciprocal compensation for Internet-bound traffic, an estimate of future amounts to be billed for said traffic under current interconnection agreements, the proper rate for calculating prejudgment interest,[2] the amount of interest accumulated under said rate, the proper rate for calculating post judgment interest[3], and the amount of post judgment interest BellSouth estimates will accrue over the period of BellSouth's appeal.[4]

(2) Defendant KMC Telecom, Inc. is DIRECTED to file its brief, with supporting affidavits as necessary, on the following issues: its proposed condition of the supersedeas bond, the accrued amounts billed to BellSouth by KMC for reciprocal compensation for Internet-bound traffic, an estimate of future amounts to be billed for said traffic under the current interconnection agreement, the proper rate for calculating prejudgment interest, the amount of interest accumulated under said rate, the proper rate for calculating post judgment interest, and the amount of post judgment interest KMC estimates will accrue over the period of BellSouth's appeal.

(3) Defendant ITC DeltaCom is DIRECTED to file its brief, with supporting affidavits as necessary, on the following issues: its proposed condition of the supersedeas bond, the accrued amounts billed to BellSouth by ITC for reciprocal compensation for Internet-bound traffic, an estimate of future amounts to be billed for said traffic under the current interconnection agreement, the proper rate for calculating prejudgment interest, the amount of interest accumulated under said rate, the proper rate for calculating post judgment interest, and the amount of post judgment interest ITC estimates will accrue over the period of BellSouth's appeal.

(4) Defendant Intermedia Communications, Inc. is DIRECTED to file a brief, if it desires[5], with supporting af-

2. The court notes that interest has accumulated on the money deposited in the court by Bell-South. The court further notes that the rate of interest on the funds deposited with the court may be different from the rate for determining the proper amount of prejudgment interest. Therefore, the court intends to have BellSouth post a supersedeas bond separate and apart from the funds already on deposit with the court. Thus, at the time BellSouth posts a supersedeas bond, the court intends to release to BellSouth those funds currently on deposit with the court, less ten (10) percent of the interest accrued thereon, to be retained by the clerk of the court.

3. Specifically, the Parties should brief the rate of interest to be used and the statutory and legal basis for determining that rate.

4. In addition to briefing the amount of interest, the Parties should specifically brief whether post judgment interest is to be calculated from March 4, 1999, the date of the APSC's initial determination, or November 15, 1999, the date of this court's final judgment as to the merits of Bell-South's March 22 Petition.

5. The court notes that Intermedia has not filed a Motion To Disburse the funds on deposit with the court, while KMC and ITC have filed such motions. Nevertheless, the court recognizes that Intermedia may wish to brief the issue of the appropriate amount of the supersedeas bond to be posted by BellSouth with respect to the funds owed to Intermedia. The court further recognizes, though, that Intermedia may choose not to file a brief on this issue because of the relatively

fidavits as necessary, on the following issues: its proposed condition of the supersedeas bond, the accrued amounts billed to BellSouth by Intermedia for reciprocal compensation for Internet-bound traffic, an estimate of future amounts to be billed for said traffic under the current interconnection agreement, the proper rate for calculating prejudgment interest, the amount of interest accumulated under said rate, the proper rate for calculating post judgment interest, and the amount of post judgment interest Intermedia estimates will accrue over the period of BellSouth's appeal.

(5) Plaintiff BellSouth, Defendant KMC Telecom, Inc., and Defendant ITC DeltaCom, and Defendant Intermedia Communications, Inc. are DIRECTED to file their briefs no later than December 15, 1999.

(6) NO OTHER PLEADINGS WILL BE CONSIDERED OR ACCEPTED BY THE COURT ON THIS ISSUE ABSENT COMPELLING EXIGENT CIRCUMSTANCES.

It is further CONSIDERED and ORDERED that Defendant KMC's Motion For Disbursement Of Funds be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that Defendant ITC's Motion For Disbursement Of Funds be and the same is hereby DENIED.

allegedly low amount of money owed by Bell-    South to Intermedia.