Luis Alberto **RIVERA PEREZ,** et al., Plaintiffs,

v.

**MASSACHUSETTS GENERAL HOSPITAL, Defendant.**

No. CIV. 99–1608 JP.

United States District Court, D. Puerto Rico.

May 4, 2000.

**44**

Héctor R. Cuprill, Ponce, PR, for Plaintiff.

Antonio M. Bird, Jr., Bird, Bird & Hestres, San Juan, PR, for Defendants.

## ORDER

PIERAS, Senior District Judge.

Before the Court is Defendant Massachusetts General Hospital's Motion For a Stay of Execution of Remand While Petition For Mandamus Is Pending Before The First Circuit (**docket No. 19**). On April 17, 2000, the Court granted Plaintiffs' motion to remand the case to the Superior Court of Puerto Rico, Caguas Chamber, on the grounds that Defendant was estopped from asserting that this Court possessed subject matter jurisdiction over it, after obtaining a dismissal in a previous federal action for Plaintiffs' failure to properly plead subject matter jurisdiction. The remand order was executed on April 18, 2000.

■ Defendant moves the Court to stay the execution of the remand order pursuant to Rule 62 of the Federal Rules of Civil Procedure. The Court, however, has not been presented with any case law for the proposition that Defendant is entitled to this relief. As Defendant has not indicated under what subsection of Rule 62 it bases its request for a stay, the Court will presume it intends to proceed under Rule 62(d), entitled "Stay Upon Appeal."[1] Rule 62(d) provides as follows:

> (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the

exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed.R.Civ.P. 62(d). This rule entitles a party appealing a money judgment to an automatic stay upon the posting of a supersedeas bond. *Id.* The underlying purpose of Rule 62 is "to protect the interests of the judgment creditor who is being stayed from execution pending the outcome of the appeal." *BellSouth Telecomm., Inc. v. ITC Deltacom Comm., Inc.,* 190 F.R.D. 693, 695 (M.D.Ala. 1999) (quoting 12 Moore's Federal Practice, § 62.03 (3d ed.1996)). The posting of a supersedeas bond "preserve[s] the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986); *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190–91 (5th Cir.1979); *Harris v. Butler,* 961 F.Supp. 61, 62 (S.D.N.Y. 1997).

Courts, however, have restricted the application of Rule 62(d)'s automatic stay to judgments for money, whether that judgment takes the form of a monetary award or a declaratory judgment that will in turn bind a party to pay a specific sum of money. *See Hebert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir.1992); *BellSouth Telecomm., Inc. v. ITC Deltacom Comm., Inc.,* 190 F.R.D. 693, 695 (M.D.Ala.1999). Where an appeal is taken from an order or judgment that is neither directly nor indirectly monetary in nature, the courts have found Rule 62(d)'s automatic stay provision inapplicable. For example, in *Westphal,* the Ninth Circuit held that an employer appealing an order directing compliance with NLRB subpoenas was not entitled to an automatic stay of the order upon filing a supersedeas bond. *N.L.R.B. v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988) As explained by that Court,

> The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for

---

1. The Court notes, however, that Defendant has not even posted a supersedeas bond.

delay in the entry of the final judgment. When applied to a subpoena compliance order, this protection is largely meaningless. It would be difficult to calculate the size of a bond necessary to compensate the NLRB for the delay in getting testimony and documents. Rule 62(d) simply does not fit this situation.

*Id.* (citing *Federal Trade Comm'n v. TRW, Inc.*, 628 F.2d 207, 210 n. 3 (D.C.Cir.1980)); *see also Donovan v. Fall River Foundry Co.*, 696 F.2d 524 (7th Cir.1982).

The reasoning in *Westphal* applies with equal force to the case *sub judice.* Here, it would be an odd exercise indeed to calculate the size of a bond necessary to compensate Plaintiffs for the delay in adjudicating their claim in state court. The language of Rule 62(d) plainly does not fit a situation where the order sought to be stayed is a remand. *See City of New Orleans v. National Service Cleaning Corp.*, Civ. No. 96–1601, 1997 WL 5915 (E.D.La., Jan.6, 1997) (holding that automatic stay under Rule 62(d) unavailable for appeal of remand order).

▇ Taking a step back from Rule 62(d)'s text, however, the Court nonetheless observes that it may possess authority under Rule 62 generally, Rule 8(a) of the Federal Rules of Appellate Procedure, and the All Writs Act, 28 U.S.C. § 1651(a), to stay a remand order pending appeal. *See J. Pérez & Cia, Inc. v. United States*, 578 F.Supp. 1318, 1320 (D.Puerto Rico), *aff'd*, 747 F.2d 813, 815 (1st Cir.1984) (noting that "federal courts have statutory or inherent power to stay judgments and orders pending appeal"). The Court of Appeals for the District of Columbia Circuit has noted that Rule 8(b) of the Federal Rules of Appellate Procedure, which authorizes the appellate courts to issue stays not conditioned on bond, implicitly supports this proposition. *See Federal Prescription Service, Inc. v. American Pharmaceuti-*

*cal Ass'n*, 636 F.2d 755, 760 (D.C.Cir.1980). As Circuit Judge MacKinnon explained:

> It would make little sense to require an appellant who could qualify for an unsecured stay from the appellate court to apply for it first in the district court, as Rule 8(a) requires, if Rule 62(d) made such an application an exercise in futility in every case by denying the district court the power to approve such a stay. That is, if the appellate court has power to issue an unsecured stay, as Rule 8(b) clearly implies, then the district court must have that power also, if Rule 8(a) is to make sense.

*Id.* The Court then concluded that "Rule 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; the Rule does not limit the district court's power to issue unsecured stays through an exercise of its sound discretion." *Id.*

Assuming, then, that this Court has the authority under Rule 62 to stay a remand order *before* its execution without the posting of a supersedeas bond, the Court is nonetheless divested of that authority once the remand takes place. In other words, because the remand order was executed on April 18, 2000[2], jurisdiction over the case now lies in the state court. The only way for this Court to stay the state proceedings would be by way of an injunction, which this Court is not empowered to issue under the present circumstances.[3]

In view of the foregoing, Defendant's motion to stay the remand order is hereby **DENIED.**

**IT IS SO ORDERED.**

---

2. Defendant's motion to stay the remand order was filed on April 19, 2000.

3. The Anti–Injunction Act, 28 U.S.C. § 2283, provides only three exceptions to the general rule that a federal court may not enjoin a state court proceeding. *See Mitchum v. Foster*, 407 U.S. 225, 226, 92 S.Ct. 2151, 2153, 32 L.Ed.2d 705 (1972). Informed by principles of federalism and comity, the Act's purpose is "to forestall the inevitable friction between the state and federal

courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977) (citing *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940)). None of the exceptions to the general rule, however, are applicable here. *See National Service Cleaning Corp.*, Civ. No. 96–1601, 1997 WL 5915, at *1.