# United States Court of Appeals
## For the First Circuit

No. 02-1139
No. 02-1340

LUIS A. ACEVEDO-GARCÍA, ET AL.,

Plaintiffs, Appellees,

v.

HON. ROBERTO VERA-MONROIG,
INDIVIDUALLY AND AS MAYOR OF ADJUNTAS, ET AL.,

Defendants, Appellants.

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Howard, Circuit Judges.

No. 02-1529

MARÍA E. GÓMEZ-CANDELARIA, ET AL.,

Plaintiffs, Appellees,

v.

JOSÉ A. RIVERA-RODRÍGUEZ, ET AL.,

Defendants, Appellants,

ON URGENT MOTION SEEKING STAY PENDING APPEAL PURSUANT
TO RULE 8 OF THE RULES OF APPELLATE PROCEDURE

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

                        Before

              Boudin, <u>Chief Judge</u>,

         Selya and Lipez, <u>Circuit Judges</u>.
              _____


     <u>Ismael Rodríguez-Izquierdo</u> on Urgent Motion Seeking Stay
Pending Appeal Pursuant to Rule 8 of the Rules of Appellate
Procedure for defendants, appellants José A. Rivera-Rodríguez, et
al.
     <u>Johanna Emmanuelli-Huertas</u>, <u>Jorge Martínez-Luciano</u> and <u>Law
Offices of Pedro Ortiz-Alvarez, P.S.C.</u> on Second <u>Urgent</u> Motion
Requesting Stay of Execution Pending Appeal, Pursuant to Rule 8(a)
of the Federal Rules of Appellate Procedure for defendants,
appellants Hon. Roberto Vera-Monroig, et al.
     <u>Eliezer Aldarondo-Ortiz</u>, <u>Pablo Landrau-Pirazzi</u>, <u>Claudio Aliff-
Ortiz</u>, <u>Iván Castro-Ortiz</u> and <u>Aldarondo & López-Bras</u> on Opposition
to Defendants-Appellants' Urgent Motion Seeking Stay Pending Appeal
Pursuant to Rule 8 of the Rules of Appellate Procedure for
plaintiffs, appellees María E. Gómez-Candelaria, et al.
     <u>Israel Roldán-González</u> on Opposition/Reply to "Urgent Motion
Requesting Stay of Execution Pending Appeal Pursuant to Rule 8(A)
. . ." for plaintiffs, appellees Luis A. Acevedo-García, et al.

                    _____

                    July 12, 2002

                    _____

Per Curiam.  In similar, albeit unrelated cases, two Puerto Rico municipalities and certain of their officers seek stays of judgment, pursuant to Fed. R. App. P. 8(a).  In both cases plaintiffs complain of alleged political discrimination on the defendants' part in dismissing and/or failure to hire them in the respective municipalities.

In one case, No. 02-1529, the Municipality of Gurabo and two of its officials seek a stay of two orders of the district court: one, awarding plaintiffs compensatory and punitive damages; the other, ordering that plaintiffs be reinstated to their positions with the municipality. Defendants now seek a stay without the posting of any bond or conditioned upon the posting of a bond in half the amount ordered by the district court.[1]

Defendants claim that they should not be required to post a bond because the "municipality has a mechanism for assessing future budgetary expenses" and hence has the capacity to meet the amount of the judgment should it be affirmed on appeal. Alternatively, they argue that the $2.7 million bond set by the district court is excessive.  In addition, the Gurabo defendants claim that they are entitled to a stay, pursuant to Fed. R. Civ. P. 62(f).  Finally, the Gurabo defendants seek a stay of the order requiring reinstatement on the basis of the traditional four-part standard applied to injunctive relief.

---

[1]Although punitive damages were awarded against the individual officers in Gurabo, the request for a stay from this court only addresses the claims against the municipality.

In the second case, Nos. 02-1139 and 1140, the Municipality of Adjuntas and certain of its officers seek to stay a judgment awarding plaintiffs compensatory damages against the municipality and punitive damages against the individual defendants. The procedural posture of this case is somewhat different from that of the Gurabo case. The Gurabo defendants moved for a stay of judgment, pursuant to Fed. R. Civ. P. 62. The Adjuntas defendants sought a stay only in opposition to plaintiffs' motion for a writ of execution, pursuant to Fed. R. Civ. P. 69.

In response to the opposition, the district court in the Adjuntas case, acting "in accordance with the practice and procedure of [Puerto Rico]," Fed. R. Civ. P. 69(a), ordered the municipality to include the damages awarded against them in their budget for the upcoming fiscal year. See 21 L.P.R.A. § 4303(c) ("it shall be mandatory [for a municipality] to include appropriations with sufficient credits for the following purposes . . . (3) payment of court judgments"). The court ordered the individual defendants to pay damages by June 14 but did grant them a stay, conditioned on their posting of a supersedeas bond in the damage amount.

The Municipality of Adjuntas now seeks a stay without the posting of any bond or conditioned upon the posting of a "reasonable" supersedeas bond. It bases its claim on the adverse public policy consequences that would attend the district court order to include the judgment in the municipal budget and on the fact that Puerto Rico law entitles municipalities to stays of

-4-

monetary judgments without the posting of any bond, P.R. R. Civ. P. 69.6.

The individual defendants in the Adjuntas case seek a stay without the posting of bond on the ground that Puerto Rico law provides that the Commonwealth will "assume the payment of any judgment that may be entered against an [official of the Commonwealth sued in individual capacity for actions undertaken in the course of his employment]."[2]  32 L.P.R.A. § 3085.  Since the Commonwealth will assume any debt, the plaintiffs are guaranteed payment and, hence, defendants claim, no security is needed.  Given the complexity of the issues raised, this court granted temporary stays in both cases.

Defendants seek to stay judgments ordering both monetary and injunctive relief.  Stays of injunctive orders, such as for reinstatement, are evaluated under the traditional four-part standard applied to injunctions.[3]  "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits."  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).  In essence, the issuance of a stay depends on "whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs

_____

[2]A municipal officer is considered an official of the Commonwealth for purposes of 32 L.P.R.A. § 3085.

[3]The considerations are:  (1) whether the applicant has made a strong showing of success on the merits;  (2) whether the applicant will be irreparably harmed absent injunctive relief;  (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987).

-5-

the harm the [stay] will cause [the non-moving party]." United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted).

Stays of monetary judgments are ordinarily sought under either Fed. R. Civ. P. 62(d) or 62(f).[4] Under Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond. The nature and the amount of the bond is entrusted to the discretion of the trial court. Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987). The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal. Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy. Olympia Equipment Leasing Corp. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986).

Fed.R.Civ.P. 62(f) provides, on the other hand, that "[i]n any state in which a judgment is a lien upon the property of the judgment debtor . . ., a judgment debtor is entitled . . . to such a stay as would be accorded the judgment debtor had the action

---

[4]It is at least arguable that a monetary judgment may also be stayed under the traditional standard for issuing injunctions. Adequate protection for plaintiffs/appellees would be a factor in evaluating the propriety of any such request. The municipality in the instant case has not sought to enjoin the damage award on these grounds.

been maintained in the courts of that state."  The district court must grant a stay without a bond if the requirements of Rule 62(f) are met.  Absent a stay on some ground, plaintiffs are free to seek execution of the judgment, pursuant to Fed. R. Civ. P. 69.

As far as the Gurabo defendants' request for a stay of the order of reinstatement is concerned, we do not believe that the defendants have shown a clear likelihood of success of the merits, even if they are correct in contending that the plaintiffs lack a property interest in their positions under Puerto Rico law.  Their claim that the monetary judgment should be stayed because the municipality has the capacity to meet any judgment upheld on appeal was not made below and, in any event, the municipality has failed to provide this court with adequate documentation supporting its capacity.  See, e.g., Sealover v. Carey Canada, 806 F.Supp. 59, 62 (M.D. Pa. 1992) (while proof of ability to pay is proper ground for omitting bond requirement, claim must be rejected where the court lacks "information necessary to make such a determination").  Nor, on the record before us, do we find any merit in the defendants' claim that the bond set by the  district court is excessive.

The Gurabo defendants also claim to be entitled to a stay pursuant to Fed. R. Civ. P. 62(f).  However, this rule applies only when the "judgment is a lien upon the property of a judgment debtor."  Since, under Puerto Rico law, a judgment becomes a lien upon property only after the judgment creditor applies to the court

and the court issues a writ of attachment, P.R. R. Civ. P. 51.3, Rule 62(f) does not appear to apply.[5]

This brings us to the Adjuntas defendants. Even though the municipality may be entitled to a stay without posting a bond in Puerto Rico courts, it is entitled to a similar stay in federal court only if the strictures of Rule 62(f) are met. The municipality has provided no argument to show that Rule 62(f) is satisfied, and, as we have already noted, such a claim does not seem likely to succeed.

With regard to the district court order that the municipality include the cost of the judgment in its 2002-2003 municipal budget (the only relief against the municipality plaintiffs now claim to be seeking), we agree that the public interest considerations brought forth by the municipality are not frivolous. See Olympia Equipment Leasing Corp., 786 F.2d at 796 ("inflexible requirement of a bond" may be inappropriate in certain situations). However, these arguments have not yet been presented in the district court.

As for the individual Adjuntas defendants, Puerto Rico law provides that the Commonwealth will in certain cases "assume the payment of any judgment that may be entered against an [official of the Commonwealth sued in his personal capacity]" due

---

[5]See Marandino v. D'Elia, 151 F.R.D. 227, 228 (D.Conn. 1993) (judgment debtor not entitled to automatic stay under Rule 62(f) because Connecticut law required that certificate be filed in record office before lien was created); Aldasoro v. Kennerson, 915 F.Supp. 188, 190-91 (S.D. Cal. 1995) (Rule 62(f) inapplicable because to create lien judgment creditor must file judgment in office of County Recorder).

to "acts or omissions committed in good faith in the course of his employment and within the scope of his functions." 32 L.P.R.A. § 3085. Since the individual defendants have not shown that the Commonwealth will find that the acts in the instant case were "committed in good faith," the possibility exists that the Commonwealth will not assume payment of the judgment. Thus, the district court did not abuse its discretion in ordering the individual defendants to post a supersedeas bond.

Ordinarily, the failure of the municipalities thus far to justify stays would resolve the issue of interim relief. However, at the very least, the municipalities and the individual defendants should be given time to post supersedeas bonds; and, if they have any arguments as to why bonds in the full amount of the judgments are unnecessary and why lesser amounts will suffice, we leave it open to the district court to entertain such arguments.

Accordingly, we deny the stays sought and vacate our current temporary stay effective 10 days from the date of this order. During that period, the defendants can post bonds consistent with Rule 62(d) or return to the district court for any other relief including extensions of time or reductions in amount that that court may in its discretion be prepared to afford. The motion made by defendants/appellants in the Gurabo case "requesting certification to the Puerto Rico Supreme Court" is <u>denied</u>.

<u>It is so ordered</u>.