Edith PEREZ RODRIGUEZ
et al.   Plaintiffs,

v.

Cesar REY HERNANDEZ
et al.   Defendants.

No.  CIV. 01–2223(PG).

United States District Court,
D. Puerto Rico.

Feb. 9, 2004.

Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Hato Rey, PR, Eliezer Aldarondo–

Ortiz, Claudio Aliff–Ortiz, Alice M. Velazquez, Aldarondo & Lopez, Haro Rey, PR, for plaintiffs.

Zuleika Llovet–Zurinaga, San Juan, PR, for defendants.

### OPINION AND ORDER

PEREZ GIMENEZ, District Judge.

## I. BACKGROUND

Plaintiffs filed this civil rights action pursuant 42 U.S.C. § 1983 and Articles 1802 and 1803 of the Puerto Rico Civil Code, (31 P.R. Laws Ann. §§ 5141 and 5142), claiming Defendants subjected them to adverse personnel actions because of their political affiliation. Following thirty-five (35) days of trial, the jury returned a verdict in favor of nineteen (19) out of twenty-eight (28) plaintiffs. (Docket No. 129.) Judgment was entered accordingly on October 15, 2003. (Docket No. 132.)

The following day, plaintiffs' filed a motion requesting entry of judgment with respect to certain equitable remedies sought by the prevailing plaintiffs. (Docket No. 130.) The motion was granted in part and denied in part by order dated November 25, 2003. (Docket No. 142.)

On December 9, 2003, defendants filed a notice of appeal (Docket No. 147), and a motion seeking a stay of both the judgment providing for monetary relief in accordance with the jury verdict and the judgment entered by the court in response to plaintiffs' request for equitable remedies. (Docket No. 148.) Plaintiffs opposed defendants' initiative on December 12, 2003, requesting that the Court order the defendants to post a supersedeas bond in an amount sufficient to guarantee the payment of the monetary judgment should defendants fail in the prosecution of their appeal. (Docket No. 152.)

For the reasons set forth below, the Court **DENIES** defendants' motion for stay of the monetary judgment without payment of a supersedeas bond. Court hereby orders defendants to post a supersedeas bond in the amount of **TWO MILLION FIVE HUNDRED DOLLARS** ($2,500,000.00) in order to guarantee the payment of the monetary judgment in favor of plaintiffs as well as attorneys' fees, costs and interests. Once the bond is posted the automatic stay pursuant to Rule 62(d) will be effective. The Court also **DENIES** defendants' request to stay the equitable remedies order already granted to some of the plaintiffs' in this case.

## II. DISCUSSION

### A. Stay of Execution of the Monetary Judgment

■ Ordinarily, stays of monetary judgment are sought under either Fed.R.Civ.P. 62(d) or 62(f). Rule 62(d) entitles a party appealing a money judgment to an automatic stay upon the posting of a supersedeas bond. The underlying purpose of the bond is to "protect the interest of the judgment creditor whose execution is pending the outcome of the appeal." *Rivera Perez v. Massachusetts General Hospital,* 193 F.R.D. 43, 44 (D.P.R.2000) (internal citations omitted.) In other words, the bond "protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for the delay in the entry of final judgment". *Id.* at 44–45(internal citations omitted.)

When a losing party appeals, he or she may automatically avail themselves of Fed. R.Civ.P. 62(d) and stay the execution of a monetary judgment, provided they post a bond sufficient to protect the interests of the non-appealing party. *Id.* at 44 (internal citations omitted.) Notwithstanding, courts have held that there is no bond requirement if: "(1) the defendant's ability to pay is so plain that the posting of a

bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy." *Acevedo–Garcia v. Vera–Monroig*, 296 F.3d 13, 17 (1st Cir.2002).

Another exception to the bond requirement is Fed.R.Civ.P.62(f) which provides that:

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

*Id.* If these requirements are met, the district court must grant the stay without requiring the posting of a bond. *Acevedo–Garcia*, 296 F.3d at 17.

Defendants seek to have the Court spare them of having to post a supersedeas bond based on two of the aforementioned exceptions, to wit: the provisions of Rule 62(f), and that since the defendants were granted the benefits of the so-called Law 9, 32 L.P.R.A. § 3085 (hereinafter "Law 9"), the actual payor would be the Government of Puerto Rico whose payment capacity should not be in issue.

**1. Rule 62(f)**

In *Acevedo–Garcia*, the First Circuit held that Rule 62(f) did not appear to apply to Puerto Rico litigants inasmuch as under Puerto Rico law "a judgment becomes a lien ... only after the judgment creditor applies to the court and the court issues a writ of attachment." *Id.* at 17. The Court based it's ruling on Section 1806 of the Puerto Rico Laws Annotated, 30

P.R. Laws Ann. § 1806 which reads as follows:

> When a judgment has been recorded and indexed, as provided for in the preceding sections, it shall at once operate as a lien upon all the immovable property of the defendant or defendants, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district, . . . .

*Id.*

Nonetheless, Defendants invoke the First Circuit's recent decision in *Rodríguez–Vázquez v. López–Martínez*, 345 F.3d 13 (1st Cir.2003) claiming that there, the Court distanced itself from the *Vera–Monroig* ruling. In *Rodriguez–Vazquez*, the defendants had claimed to be entitled to the exception of posting a supersedeas bond as set forth in Fed.R.Civ.P. 62(f). The Court denied defendants' request for a stay of execution, and noted the following:

> The case law as to Rule 62(f) itself is fragmentary, and the principal district court cases are at odds.[1] Our own inclination is to think that where a lien can be procured by minor ministerial acts, this minor burden on the judgment-creditor should not preclude a stay under Rule 62(f). But it is sufficient in this case that plaintiff-appellees colorably argue that a lien could not be procured absent the payment of a very large fee for registration of the judgment.

*Id.* at 14.

Other cases seem to support this conclusion also. In *Johnson v. Spencer Press of*

---

**1.** *Compare Smith v. Village of Maywood*, No. 84–2269, 1991 WL 277629 (N.D.Ill.Dec.20, 1991) *and McDonald v. McCarthy*, No. 89–0319, 1990 WL 165940 (E.D.Pa. Oct.22, 1990)

*with Aldasoro v. Kennerson*, 915 F.Supp. 188, 190–91 (S.D.Cal.1995) *and Marandino v. D'Elia*, 151 F.R.D. 227, 228 (D.Conn.1993).

*Maine, Inc., et al.*, Civ. No. 02–73, 2003 WL 21788860(D.Me. Aug.4, 2003), the court discussed other district court's rulings regarding Fed.R.Civ.P. 62(f) including *Aldasoro v. Kennerson*, 915 F.Supp. 188, 190–91 (S.D.Cal.1995), cited approvingly by the First Circuit in *Acevedo–Garcia*. The *Johnson* court found that because under Maine and California laws, a judgment creditor must take steps to create a lien on a judgment debtor's real property, the judgment was not a lien for purposes of Rule 62(f). (*Id.* at 2003 WL 21788860 at *2.)

■ The same is true under Puerto Rico law where, as plaintiffs advise in their opposition to defendants' motion, a substantial fee is necessary to perfect the lien contemplated by 30 P.R. Laws Ann. § 1806. To register a lien according to § 1806, a fee must be satisfied as set forth in Section 1810 of Title 30 of the Laws of Puerto Rico Annotated. Section 1810 provides that:

> The fee charged for each entry in the Registry books shall be equal to the amount indicated in the Puerto Rico Property Registry's Revenue, evidenced by the copy of the internal revenue voucher, and only the fees shall be computed for the amount of the principal in the judgment, excluding any other additional sums.

30 L.P.R.A. § 1810.

The principal amount of the judgment in this case is over $1,900,000.00 which means the Registry fee will be over $7,000.00, an undoubtably substantial amount. Hence, inasmuch as a judgment creditor must take steps to create a lien on a judgment debtor's real property, this Court finds that Rule 62(f) does not apply.

**2. The Government of Puerto Rico's payment capacity should not be an issue.**

■ Defendants also claim that, insofar as the defendants were granted the benefits of Law 9 there is no need for a supersedeas bond, for the actual payor would be the Government of Puerto Rico, whose payment capacity should not be in issue.

Under Law 9, the Commonwealth of Puerto Rico may provide legal representation and pay a judgment issued against a public officer sued for civil rights violations due to "acts or omissions committed in good faith in the course of his [or her] employment and within the scope of his [or her] functions." 32 P.R. Laws. Ann § 3085. In support of their contention defendant's cite Section 3092 of Title 32 of the Puerto Rico Laws Annotated that provides as follows:

> The Secretary of Justice shall notify the Secretary of the Treasury of his determination regarding the payment, on the basis of the provisions of §§§§ 3085–3092 of this title. The Secretary of the Treasury shall pay the judgments, costs and attorney's fees imposed on the defendants from available funds in the Treasury of Puerto Rico.

*Id.*

The fact that a public officer is given legal representation under Law 9, however, does not guarantee that the government will satisfy a subsequent adverse judgment. The Secretary of Justice's decisions to provide legal representation, and to pay an adverse judgment, are separate and independent decisions. *See Negron Gaztambide v. Hernandez Torres*, 145 F.3d 410, 416 (1st Cir.1998) (holding that according to Law 9's explicit statutory scheme, officials awarded representation in personal capacity suits lack authority to bind the state government as to indemnification and payment of settlement agreements.)

Moreover, if the Secretary of Justice does not find "that the acts in the instant

case 'were committed in good faith' the possibility exits that the Commonwealth will not assume payment of the judgment." *Acevedo–Garcia*, 296 F.3d at 18. Therefore, until there is absolute certainty that the Secretary of Justice has agreed unconditionally to pay the judgment in this case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond.

Accordingly, defendants' request to stay the execution of the monetary judgment without posting a supersedeas bond is **DENIED**. The automatic stay pursuant to Rule 62(d) will be effective only after defendants post with the Clerk of this Court a supersedeas bond in the amount of **TWO MILLION FIVE HUNDRED DOLLARS** ($2,500,000.00) The defendants shall have twenty (20) days from the issuance of this order to comply.

### B. The Stay of the Equitable Judgment

Fed.R.Civ.P. 62(c) provides that:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

*Id.* Trial courts must evaluate four considerations when determining whether to grant a stay of equitable orders, such as for reinstatement, under Fed.R.Civ.P. 62(c): (1) whether the applicant makes a strong showing of success on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of the stay will injure the other parties; and (4) where the public interest lies. *Acevedo–Garcia*, 296 F.3d at 17, n. 3 (*quoting Hilton v. Braunskill*, 481 U.S. 770,

776–77, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).

As to the first criterion, defendant's argue they have a strong case on appeal based on the following: (a) the lack of personal involvement regarding several Defendants' (b) the admission of Plaintiff's rebuttal testimony regarding their own particular interpretation of Law 149 of July 1999; (c) the lack of an instruction regarding the text of Law 149 of July, 1999; (d) the non-admission of instructions regarding the policy-making or implementation for several Plaintiffs who testified they engaged in such functions; and (e) that the Defendants indeed preserve their defense of collateral estoppel throughout the proceedings, among others.

As defendants so concede in their motion, the Court has already examined and rejected these arguments. Defendants fail to put this Court in a position to move past the first prong of the applicable standard as they do not show how they are likely to succeed on the merits of their appeal.

As to the three remaining considerations, Defendants claim that the Commonwealth of Puerto Rico would suffer great harm if after the immediate issuance of considerable funds to satisfy the judgment, the First Circuit Court overrules the District Court's judgment and the government is then forced to, at a considerable cost, recover the money from the 19 different plaintiffs.

Defendant's argument, however, is inapplicable to a Rule 62(c) analysis inasmuch as this rule deals with stays of equitable remedies and not stays of monetary judgments.

The Court's determination in a Rule 62(c) scenario, "depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs

the harm the [stay] will cause the [non-moving party]'." *Acevedo–Garcia,* 296 F.3d at 16–17. Upon reviewing the defendant's motion, the Court finds they have failed to demonstrate a likelihood of success on appeal.

Accordingly, the Court **DENIES** defendant's request to stay the equitable remedies order. Defendants are hereby ordered to comply forthwith with this Court's November 25, 2003 equitable remedies order (Docket No. 142).

**IT IS SO ORDERED.**