ZAPATA GULF MARINE CORPORA-TION, Plaintiff–Appellee,

v.

PUERTO RICO MARITIME SHIPPING AUTHORITY, et al., Defendants,

Trailer Marine Transport Corporation, Defendant–Appellant.

No. 90–3696.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1991.

Dando B. Cellini, J. Forrest Hinton, Victoria K. McHenry, Craig L. Caesar, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for defendant-appellant.

Joseph N. Mole, Edward F. Kohnke, IV, Lemle & Kelleher, New Orleans, La., for plaintiff-appellee.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

The plaintiff-appellee, Zapata Gulf Marine Corporation (Zapata), has filed a motion to dismiss the instant appeal by defendant-appellant Trailer Marine Transport Corporation (Trailer). The basis of the motion is that Trailer's only notice of appeal was rendered inoperative by the pendency of a motion for pre-judgment interest. Concluding that Zapata is correct, we grant the motion and dismiss the appeal for want of jurisdiction.

## I.

In this antitrust action, on March 2 (all relevant dates being in 1990) the jury found that Trailer was liable to Zapata for various transgressions, including conspiracy in restraint of trade, monopolization, attempt to monopolize, and conspiracy to monopolize. The jury awarded Zapata $14 million in actual damages.

Previously, the district court had severed and stayed certain counterclaims and third-party demands that remained to be adjudicated. Accordingly, on March 8, Zapata filed a motion for entry of judgment on the jury verdict pursuant to Fed.R.Civ.P. 54(b), which permits, under certain circumstances, entry of a final, appealable judgment on fewer than all of the claims or as to fewer than all of the parties.

The district court granted the motion by entering a rule 54(b) judgment for $41 million (after trebling)[1] on March 22. The judgment stated that attorneys' fees and costs would be awarded in an amount to be set subsequently and that postjudgment interest would run from date of entry.

On March 27, Zapata filed and served a motion for prejudgment interest. On May 3, Trailer filed and served a motion for judgment notwithstanding the verdict (j.n. o.v.) and/or for new trial, which was denied on August 24.

On September 21, Trailer filed its only notice of appeal, seeking review of the final judgment of March 22 and the order of August 24 denying j.n.o.v. and new trial. On October 15, the district court entered an order granting in part Zapata's motion to tax costs and denying the motion for prejudgment interest. 133 F.R.D. 481. On November 9 the court entered judgment denying prejudgment interest. Zapata now asserts that, as Trailer did not file a notice of appeal at any time following the denial of prejudgment interest, we have no jurisdiction, and hence this appeal must be dismissed.

## II.

In order to determine our jurisdiction, we must ascertain whether Trailer's only no-

---

1. It is not evident, based upon the documentation now before us, why the amount, after trebling, is $41 million rather than $42 million. The discrepancy is irrelevant to our determination of this motion, however.

tice of appeal, filed September 21, was nullified by the filing of the motion for prejudgment interest. Rule 4(a)(4), Fed.R. App.P., provides that "[i]f a timely motion ... is filed ... under [Fed.R.Civ.P.] 59 to alter or amend the judgment ..., the time for appeal ... shall run from the entry of the order ... granting or denying [the] motion. A notice of appeal filed before the disposition of any [such motion] shall have no effect."

■ We first must ask whether a motion for prejudgment interest qualifies as a rule 59 motion. The Supreme Court has stated definitively that it does. In *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989), the Court held that "a postjudgment motion for discretionary[2] prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)."

While acknowledging the rule announced in *Osterneck*, Trailer asserts that *Osterneck* is inapposite because it addressed a final judgment encompassing all issues and all parties, while the instant case concerns a rule 54(b) judgment. Trailer argues that, as a rule 54(b) judgment may be entered only upon the district court's conclusion that there is no just reason for delay, such a judgment, unlike a global judgment, is not subject to alteration or amendment by means of a rule 59 motion, the pendency of which would delay finality. Trailer thus reasons that to permit amendment of rule 54(b) judgments would be to undermine the purpose of the rule, which, in Trailer's view, is to allow an immediate appeal of those determinations that are deemed appropriate for rule 54(b) certification.

■ We disagree with the bold assertion that a rule 54(b) judgment cannot be amended. Nothing in the plain language of the rules or the cases interpreting them indicates that rule 54(b) judgments are to be treated any differently from other judgments in terms of their amenability to sus-

pension, alteration, and amendment by timely rule 59(e) motions.

Trailer points us specifically to the second sentence of rule 54(b):

*In the absence of such [express determination that there is no just reason for delay] and direction [for entry of final judgment],* any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment....* [Emphasis added.]

Trailer asks us to adopt from this language "the logical implication ... that where the district court *has* made a determination of finality, then the resulting judgement [sic] is *not* subject to revision." Any other reading, Trailer avers, would render the second sentence superfluous.

To the contrary, however, the second sentence serves an important function in the scheme of rule 54(b): It underscores the requirement that in order to be final and appealable, a "judgment" that does not incorporate all parties and all issues must contain the district court's determination as set forth in the first sentence of the rule.[3] This requirement gives protection to litigants who need to know when a partial judgment is final and appealable. The rule thereby "addresses an overriding concern for certainty and for an express and unmistakable determination of finality in ambiguous multi-party and multi-claim situations." *FSLIC v. Tullos–Pierremont*, 894 F.2d 1469, 1475 (5th Cir.1990).

Permitting rule 54(b) judgments to be suspended and, in appropriate cases, amended by means of rule 59(e) motions adds no more uncertainty to the process than in the case of judgments that dispose of all parties and all issues. In the event of a rule 54(b) judgment, the requirement

---

**2.** Although *Osterneck,* like the instant case, dealt with discretionary, as distinguished from mandatory, prejudgment interest, the Court noted that the result would be the same for mandatory prejudgment interest. 489 U.S. at 176 n. 3, 109 S.Ct. at 992 n. 3.

**3.** The required determination is examined carefully in our recent opinion in *Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908 F.2d 1218 (5th Cir.1990) (en banc).

of an express determination of no just reason for delay is an unequivocal notice by the district court that that document constitutes a final, appealable judgment. It has the same effect as any other judgment:

It triggers those time limits elsewhere in the Rules that run from the entry of judgment; it is immediately appealable and the time limit for appeal runs from its entry. If it is on the merits, it is res judicata; if it is a judgment for money, it starts the running of interest; after 10 days, unless it is stayed, it will support execution. It has the same effect on accrual of liens as any other final judgment; and it can be registered in another district. In sum, it is a final judgment for all purposes.

6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.42 at 54–286 through 54–287 (2d ed.1990) (footnotes omitted). It follows that, like other judgments, a rule 54(b) judgment is subject to the filing of a rule 59(e) motion that suspends finality and appealability until ruled upon.

In short, there is no reason to suppose that the effect of a rule 59(e) motion on a rule 54(b) judgment should be any different from its effect on other judgments. There is, in particular, no indication that the drafters intended that, as Trailer argues, a rule 54(b) judgment is once and forevermore final and not subject to amendment.

Finally, Trailer points to our recent opinion in *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224 (5th Cir.1990). There, we held that the test for determining whether a supplemental order or judgment affects the time within which a party must pursue an

appeal is " 'whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.' " *Id.* at 229 (quoting *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 248–49, 97 L.Ed. 245 (1952)). From this holding, Trailer asks us to conclude that, as the October 15 order *denied* prejudgment interest, it did not disturb or revise any legal rights that had been settled by the March 22 judgment and hence had no effect upon the date for filing a notice of appeal.

*Offshore Production* is inapposite, however, and the quotation is taken out of context. There, the court granted a rule 59(e) motion on August 10 by way of an amended judgment, then, "[f]or reasons which are unclear from the record, ... entered another amended judgment on August 28 ..., which did not differ materially from the August 10 judgment." *Id.* at 228. We held that "[t]he mere fact that a court reenters a judgment or revises a judgment in an immaterial way does not affect the time within which litigants must pursue an appeal." *Id.* at 229 (quoting *Minneapolis–Honeywell,* 344 U.S. at 211–12, 73 S.Ct. at 248–49). Plainly, we were addressing the effect *vel non* of the entry of a superfluous order. To the contrary, however, the October 15 order here was anything but redundant, as it denied a motion for substantial prejudgment interest.[4]

■ Accordingly, we conclude that we are without jurisdiction in this matter, as Trailer has not filed an effective notice of appeal,[5] its only notice of appeal being of "no

---

**4.** We observe, as well, that if Trailer's argument based upon *Offshore Production* were applied consistently in this case, the order of August 24, j.n.o.v. denying judgment and a new trial, would have had no effect upon the time for appealing, and Trailer's September 21 notice of appeal, filed more than 30 days after March 22, would be untimely.

**5.** Zapata asserts that an effective notice of appeal in this case would need to have been filed by December 9, the 30th day after entry, on November 9, of the "judgment" denying prejudgment interest. We do not reach this issue, as Trailer filed no notice of appeal whatsoever

following the denial of prejudgment interest. However, we note that rule 4(a)(4) states that "the time for appeal for all parties shall run from the entry of the order ... granting or denying" a rule 59(e) motion. "Once the rule 59(e) motion was ruled upon, the thirty-day period for appeal began running anew." *Charles L.M. v. Northeast Indep. School Dist.,* 884 F.2d 869, 870 (5th Cir.1989). By this language, the 30–day period for appeal arguably would have run from the October 15 order denying prejudgment interest. Wary counsel in similar cases should note this possible interpretation of the rules.

effect" under rule 4(a)(4) because of the pendency of a rule 59(e) motion for pre-judgment interest. We have no choice now but to dismiss the appeal.

The motion to dismiss the appeal is GRANTED; the appeal is DISMISSED for want of jurisdiction.