## In re ZAPATA GULF MARINE CORPORATION, Petitioner.

### No. 91–3662.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1991.

Joseph N. Mole, New Orleans, Edward F. Kohnke, IV, Lemle & Kelleher, for Zapata.

Harvey C. Koch, Koch & Rouse, New Orleans, La., Robert H. Bork, Washington, D.C., Dermot S. McGlinchey, Dando B. Cellini, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Trailer Marine Transport Corp.

Before DAVIS, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Petitioner Zapata Gulf Marine Corp. ("Zapata") seeks a writ of mandamus to the United States District Court for the Eastern District of Louisiana, for the purpose of vacating that court's order staying execution of its prior judgment in an antitrust action. 138 F.R.D. 492. We grant the writ and vacate the stay.

## I.

A description of the factual and procedural background of this case can be found in an earlier opinion, *Zapata Gulf Marine Corp. v. Trailer Marine Transport Corp.*, 925 F.2d 812 (5th Cir.1991). Briefly, petitioner Zapata obtained a jury verdict in an antitrust action against Respondent Trailer Marine Transport Corp. ("TMT"). After trebling the jury award, the district court entered judgment in favor of Zapata and against TMT for $41 million on March 22, 1990. We dismissed TMT's appeal in February 1991. *Zapata Gulf Marine Corp. v. Trailer Marine Transport Corp.*, 925 F.2d 812 (5th Cir.1991). After the Supreme Court denied TMT's petition for certiorari, — U.S. —, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991), our mandate issued on July 3, 1991.

TMT then sought relief from the judgment in the district court under Rule 60(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 62(b), the district court stayed execution of the March 22, 1990 judgment while it considered the Rule 60(b) motions, and required TMT to post a $20 million surety bond. On July 26, 1991, the district court denied all of TMT's Rule 60(b) motions. At that time, however, the district court expressly left in place its stay of execution of the March 22, 1990 judgment pending TMT's appeal of the district court's denial of TMT's Rule 60(b) motions; the court predicated the stay on Rule 62(d). Zapata then filed this mandamus application. It asks us to dissolve the stay so that it can enforce its judgment. The question we must decide is whether Rule 62(d), Fed. R.Civ.P., authorizes the district court to stay execution of the March 22, 1990 judgment pending appeal of the July 26, 1991 order denying TMT's Rule 60(b) motions. We conclude that it does not.

## II.

Rule 62(d), entitled "Stay Upon Appeal," provides that:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond

may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed.R.Civ.P. 62(d). Clearly the "stay" to which the rule refers is of the judgment being appealed. *See* 7 James Wm. Moore and Jo Desha Lucas, Moore's Federal Practice ¶ 62.06 at 31 (Rule 62(d) "permits a party against whom a judgment is rendered to obtain a stay of *that* judgment pending appeal ..." (emphasis added)). Because the only appeal pending is the district court's July 26, 1991 denial of TMT's Rule 60(b) motions, that is the only order Rule 62(d) authorizes the district court to stay; that Rule does not authorize a stay of the underlying final March 22, 1990 judgment.

■ Although the district court grounded its stay in Rule 62(d), TMT argues that Rule 62(b) provides an additional basis for the court's order. This argument fails as well. Rule 62(b), entitled "Stay on Motion for New Trial or for Judgment," provides, in part, that

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment *pending the disposition of ...* a motion for relief from a judgment or order made pursuant to Rule 60....

Fed.R.Civ.P. 62(b) (emphasis added). This Rule gave the district court the discretion (which it in fact exercised) to stay the March 22 judgment *while it considered* TMT's Rule 60(b) motions. Having disposed of the motions, however, Rule 62(b) gives the court no power to stay the underlying judgment further.

In sum, Rule 62(b) grants authority to the district court to stay a judgment while it considers and disposes of Rule 60 motions. This Rule gives the court no authority to stay execution of the judgment on appeal after it has disposed of the Rule 60 motions. The district court correctly identified Rule 62(d) as the source of its authority to stay judgments pending appeal. As we explain above, however, that Rule gives the district court authority to stay only the order or judgment being appealed. The order TMT seeks to appeal is the July 26, 1991 denial of its Rule 60(b) motions, not the underlying March 22, 1990 judgment.

Because the Federal Rules of Civil Procedure do not authorize the district court to stay the March 22, 1990 judgment, we GRANT the writ of mandamus and VACATE its order staying execution of that judgment.