**FLEMING, ZULACK & WILLIAMSON, LLP, Plaintiff,**

v.

**INFORMATION SUPER STATION, LLC, et al., Defendants.**

**Civ.A. No. 02MS0029 (RBW).**

United States District Court, District of Columbia.

April 22, 2003.

Richard Steven Sternberg, Rockville, MD, for plaintiff.

Stephen M. Seeger, Quagliano & Seeger, Washington, DC, for defendants.

## AMENDED MEMORANDUM OPINION

WALTON, District Judge.

This matter came before the Court on defendants J. Patrick Dowd's and Bart S. Fisher's Motion to Vacate Judgment and Stay Post–Judgment Discovery. The underlying case upon which the motion was predicated was filed in the United States District Court for the Southern District of New York on August 17, 2001. On November 26, 2001, the deputy clerk of that court entered default judgment in plaintiff's favor in the amount of $82935.16 against each of the defendants. Thereafter, on January 18, 2002, plaintiff registered the New York default judgment in this Court pursuant to 28 U.S.C. § 1963 (2000).

### I.

J. Patrick Dowd and Bart S. Fisher, two of the defendants in the underlying New York action, filed their motion to vacate the default judgment against them pursuant to Federal Rule of Civil Procedure 60(b).[1] The Court heard oral arguments regarding this matter on November 13, 2002, and the oral rulings issued by the Court at that time are either supplemented or modified as set forth below.

■ Defendants Dowd and Fisher argue, *inter alia*, that the default judgment in the underlying case was obtained through fraudulent representations that plaintiff made to the New York court and following improper service of process.[2] Despite defendants'

---

1. The motion was assigned to this judge who was at the time, pursuant to Local Civil Rule 40.8, the designated motions judge.

2. Defendants contend that they never received service of the summons and complaint, although both summonses contained statements by the process server that he had in fact served the

defendants. Defendants also argued in their reply that the New York court did not have personal jurisdiction over them because they had no contacts with New York and therefore the judgment rendered against them was void. As this argument was only raised in the defendants' reply brief, plaintiff did not have the opportunity to submit rebuttal pleadings on this issue. There-

counsel's arguments that this Court should entertain defendants' motion to vacate the default judgment in the underlying case, the Court concludes that the New York court that issued the order is the more appropriate forum to do so. Whether or not fraud was perpetrated on the New York court by plaintiff in the underlying case is a matter about which the New York court will undoubtedly have a profound interest. In addition, service of process on one of the defendants was allegedly effected pursuant to New York law, and therefore a New York court is better situated to ascertain whether service was proper.[3] In addition, defendants, in their reply brief and at the hearing on their motion, argue extensively that the New York court lacked personal jurisdiction over them. Based upon the circumstances in this case, the Court concludes that this matter is best resolved in the New York tribunal that rendered the default judgment. *See Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, (1st Cir.1982) ("Although ... Rule [60(b)] by its terms does not limit motion practice to the court which rendered the judgment ... 60(b) motions have generally been brought in the rendering court.") (citation omitted); *Fuhrman v. Livaditis*, 611 F.2d 203, 205 (7th Cir.1979) (holding district court did not abuse its discretion in denying defendant's motion for relief pursuant to Rule 60(b) from a default judgment rendered in a district court located in Iowa as his argument regarding whether that court lacked jurisdiction over the defendant "required an interpretation of the laws of the state of Iowa, and for that reason [the district court] concluded that the federal court in Iowa would be a more convenient forum than the federal court in Illinois."). Because the resolution of the defendants' arguments will most likely involve interpretation of New York law and the defendants do not suggest that they will be unduly inconvenienced by having to appear in New York, the Court concludes that the New York district court where the default judgment was issued is the more appropriate forum to adjudicate whether the judgment should be vacated.

## II.

There was a separate issue presented to the Court regarding whether this Court could stay discovery plaintiff is attempting to obtain from the defendants pending resolution by the New York court of whether the judgment in the underlying case should be vacated. Plaintiff argued that this Court can not issue such an order. Defendants, in their pleadings, alluded to the Court's authority to stay proceedings pursuant to Federal Rule of Civil Procedure 62. Rule 62 provides in pertinent part:

"(b) Stay on Motion for New Trial or for Judgment: In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay

fore, the Court declines to decide this matter on that issue in light of the limited record before the Court on that subject at this time. *See Pardo v. Wilson Line of Washington, Inc.*, 414 F.2d 1145, 1150 (D.C.Cir.1969) (Circuit court affirmed district court's denial of enforcement of New York judgment and declined to rule on newly advanced basis for enforcement raised by the appellant. The court concluded that "[g]iven the record in this unenlightening state, given the fact appellant never appeared to be proceeding on this theory, and given the fact that the determination whether the New York courts would pierce the veil of a particular corporation is best made by those courts, we decline appellant's invitation to rule on this matter."). As plaintiff is now on notice of defendants' jurisdictional arguments, they should be fully prepared to address those arguments to the New York court.

3. Defendant Fisher was purportedly served at a location in Arlington, Virginia, where he admits he maintained an office. Defendants' Motion to Vacate Default Judgment and Stay Post–Judgment Discovery ("Defs' Mot."), Exhibit 3, Affidavit of Bart S. Fisher dated October 2, 2002, ¶ 19. Because plaintiff does not claim to have served Fisher personally by mailing a copy of the summons and complaint to Fisher's home, by following the federal procedure for service by mail (including, for instance, defendant's completion of a form waiving personal service), or by delivering the summons and complaint to an agent authorized by law to accept service on Fisher's behalf, the Court concludes that New York law appears to provide the only possible basis for plaintiff to argue that it served defendant Fisher properly. *But see* N.Y. C.P.L.R. § 308(2) (service may be made "by delivering the summons *within the state* to a person of suitable age and discretion at the actual place of business ...") (emphasis added). However, as this argument was not raised by defendant Fisher in his pleading or by his counsel at the hearing in this matter, the Court does not need to address the issue.

the execution of or any proceedings to enforce a judgment pending the disposition of a motion ... for relief from a judgment or order made pursuant to Rule 60 ..."

"Rule 62(b) grants authority to the district court to stay a judgment while it considers and disposes of Rule 60 motions." *In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (5th Cir.1991); *Coleman v. Patterson*, 57 F.R.D. 146, 149 (S.D.N.Y.1972) (referring Rule 60(b) motion to court in district that rendered default judgment and staying "further collection on the execution [of the judgment] for a period of 40 days from the date hereof; any further stay should be requested from the Houston Court."). Contrary to plaintiff's position, it appears to the Court that the plain text of Rule 62(b) permits the Court to issue a stay of proceedings to enforce a judgment in situations such as this where the party against whom enforcement is sought is challenging the validity of the underlying judgment pursuant to Rule 60. Therefore, the Court will stay *all* post-judgment discovery against the defendants for a period of thirty days while the validity of the judgment and this discovery issue is addressed to the attention of the New York district court where the judgment was obtained.[4]

### III.

■ A final issue that was raised by the plaintiff but was not addressed by the Court at the hearing was the plaintiff's requests for the Court to impose sanctions against the defendants pursuant to Rule 11 for defendants' filing of the instant motion and pursuant to Rule 37(d) for defendants' failure to answer plaintiff's post-judgment discovery requests. Plaintiff argues that the defendants have "no good faith basis ... to decline to answer discovery and to seek relief from discovery and from th[e] Southern District of New York judgment in this court." This argument must be rejected. The defendants in this matter have raised valid, recognized arguments regarding the validity of the default judgment that has been entered against them. In addition, they have demonstrated justification for not complying with discovery

at this point because if it is determined that the New York default judgment is void, they will have expended time and resources, and possibly divulged confidential financial information, when they did not have to. Therefore, plaintiff's requests for sanctions or for the issuance of a show cause order must be denied. *See PHI Technologies v. New England Sound & Communications, Inc.*, 634 F.Supp. 547, 552 (D.Mass.1986) (holding that although court rejected defendant's arguments that court which issued judgment did not have jurisdiction over him and thus the judgment that plaintiff sought to enforce was void, plaintiff's request for Rule 11 sanctions should nevertheless be denied. "A motion to vacate is an entirely proper method of collateral attack[,] ... [and] [t]he fact that, after review, the issue is resolved against [the defendant] does not warrant sanction.").

Therefore, for the reasons set forth above, defendants' motion to vacate the default judgment is denied without prejudice, with leave for the defendants to re-file their motion in the Southern District of New York. The Court also grants defendants' a stay of post-judgment discovery in this matter for a period of thirty days and denies plaintiff's motions for sanctions and the issuance of a show cause order. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

---

4. During the Court's oral ruling, it limited the stay of discovery to the enforcement proceedings instituted in this Court. However, after further reflection the Court is staying all discovery until the New York court has the opportunity to address this matter.