# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2019

Lyle W. Cayce
Clerk

JEFFREY SCOTT QUINTANA,

Plaintiff-Appellant

v.

UNKNOWN AGENTS, Fort Worth Police; S. KELM, Fort Worth Police Officer;
CITY OF FORT WORTH, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-472

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jeffrey Scott Quintana, Texas prisoner # 0123448, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the City of Fort Worth, Texas ("the City"), for a failure to provide him a medical assessment and care following an automobile accident. *See* 28 U.S.C. §§ 1915(e)(2)(b)(i) and (ii); 1915A(b)(1). Quintana argues that the City, in violation of the Eighth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10053

Amendment, failed to medically assess or treat him for 72 hours after the accident, during which time he was "incoherent" and "unaware."

We lack jurisdiction to consider Quintana's Fifth and Fourteenth Amendment equal protection claims and his claims against the Fort Worth Police Department.  The district court dismissed these claims midway through the litigation in a Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), which Quintana did not timely appeal.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Zapata Gulf Marine Corp. v. P.R. Mar. Shipping Auth.*, 925 F.2d 812, 814-15 (5th Cir. 1991).

We review de novo the district court's dismissal of the complaint as frivolous and for failure to state a claim.  *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 308-09 (5th Cir. 2017).  The claims that we have jurisdiction to address are directed solely against the City, so they must satisfy the standards for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Quintana cites no official policy of the City providing for a delay in assessment or treatment.  *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003).  Nor does Quintana allege "[any] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Fields v. City of South Houston, Tex.*, 922 F.2d 1183, 1192 (5th Cir. 1991) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  Accordingly, we find no error in the district court's determination that Quintana failed to show that the City may be held responsible under § 1983 for the constitutional injury he alleges.

To the extent that Quintana urges a Fourteenth Amendment claim that the City failed to protect him by training for and providing appropriate medical

No. 17-10053

care after the accident, he alleges, at the most, negligent conduct, which is not actionable under § 1983. *See, e.g.*, *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). To the extent that Quintana means to add new claims of "non-compliance conduct" and failure to provide medical care against the "Agents/Staff/Employees of County of Tarrant, Texas" and the "security and medical staff" of the "detention facility for the County of Tarrant, Texas," we decline to consider them because they were not presented to the district court. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Quintana seeks a remand of this matter to the district court so that he may supplement or amend his complaint. Quintana had prior opportunities in the district court to remedy the deficiencies of his original complaint, and he twice filed supplemental pleadings. He does not argue that his prior opportunities to remedy the deficiencies of his complaint were insufficient. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). His request that we remand this case to the district court is denied.

Quintana has also moved for the appointment of counsel. "A § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982)). The appointment of counsel is not required "unless the case presents exceptional circumstances." *Id.* (quoting *Ulmer*, 691 F.2d at 212). For the foregoing reasons, Quintana has failed to demonstrate exceptional circumstances. His request for counsel is therefore denied.

For the reasons stated, Quintana's appeal is DISMISSED in part for a lack of jurisdiction, and the judgment of the district court AFFIRMED in part. Quintana's motion for the appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

3