NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  OPTICURRENT, LLC,**

*Petitioner*

---

2021-143

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 3:17-cv-03597-EMC, Judge Edward M. Chen.

---

**ON PETITION**

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Opticurrent, LLC petitions for a writ of mandamus directing the United States District Court for the Northern District of California to vacate its stay of the execution of the underlying judgment.  Power Integrations, Inc. opposes the petition.  Opticurrent replies.

This petition arises out of a patent infringement suit brought by Opticurrent against Power Integrations.  In July 2019, the Northern District of California entered final judgment in the case, inter alia, awarding Opticurrent damages and requiring Power Integrations to pay an

ongoing royalty.  Appx3–4.  Under the terms of the judgment, execution was stayed when Power Integrations posted a supersedeas bond equal to 125% of the damages award to Opticurrent.  Appx4.  In August 2020, this court affirmed the district court's judgment on appeal.  *Opticurrent, LLC v. Power Integrations, Inc.*, 815 F. App'x 547 (Fed. Cir. 2020).

Following our mandate, Power Integrations moved the district court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate its judgment.  Appx6–13.  The district court denied that motion in February 2021.  *Opticurrent, LLC v. Power Integrations, Inc.*, No. 3:17-cv-03597-EMC (N.D. Cal. Feb. 24, 2021), ECF No. 382.  Power Integrations has appealed that ruling.  *Opticurrent, LLC v. Power Integrations, Inc.*, Appeal No. 2021-1712.  In March 2021, Power Integrations filed a renewed motion for the district court to stay execution of the final judgment under Rule 62(b) of the Federal Rules of Civil Procedure, which the district court granted on April 6, 2021 after Power Integrations had obtained a supersedeas bond equal to 125% of the damages award plus 125% of subsequent royalties.  The bond specified that it would remain in effect pending Power Integrations' appeal from the district court's Rule 60 determination.  Appx1–2.

The legal standard for obtaining mandamus relief is demanding.  A party seeking a writ bears the burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (citation and internal quotation marks omitted).  The court must also be satisfied that the issuance of the writ is appropriate under the circumstances.  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004).

We see no basis for disturbing on mandamus the district court's determination that it had authority to grant Power Integrations' stay motion under Rule 62(b). That rule broadly states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." It further states that "[t]he stay takes effect when the court approves the bond or security and remains in effect for the time specified in the bond or other security." It is undisputed that Power Integrations has secured a bond that ensures that Opticurrent will be able to collect the judgment should this court affirm. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). And Opticurrent has identified no legal authority establishing a clear legal right to preclude a stay of the final judgment in the circumstances presented here.

Opticurrent cites *In re Zapata Gulf Marine Corp.*, 941 F.2d 293 (5th Cir. 1991), to support its view that the district court erred in granting a stay. But we apply Ninth Circuit law to this issue in this case and *Zapata* is not governing Ninth Circuit law. *See Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1416 (Fed. Cir. 1989) (stating we apply "the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law"). Furthermore, *Zapata* does not clearly establish error here. It is true that the Fifth Circuit in *Zapata* held that a district court could not stay the final judgment when only a Rule 60 ruling was on appeal. However, *Zapata* was premised on a prior version of Federal Rule of Civil Procedure 62. That version of the rule specified that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay." Fed. R. Civ. P. 62(d) (1991). The Fifth Circuit found that the language of the old Rule 62(d) required that the judgment being stayed also be the one on appeal. *See Zapata*, 941 F.2d at 295 ("Clearly the 'stay' to which the rule refers is of the judgment being appealed."). The current Rule 62(b), enacted in 2018, does not tie the stay to an appeal and is thus

4                                                    IN RE: OPTICURRENT, LLC

sufficiently different such that Opticurrent's argument based on *Zapata* is not indisputable.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 29, 2021                /s/ Peter R. Marksteiner
    Date                     Peter R. Marksteiner
                             Clerk of Court

s24